**John Lane REED, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46775.**

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

**498**

Jim Tatum and Joe L. Guyton, Houston, for appellant.

Carol Vance, Dist. Atty. and James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for robbery by assault wherein the punishment, enhanced under Article 62, Vernon's Ann.P.C., was assessed at life by the court following a verdict of guilty.

The sufficiency of the evidence is not challenged. Suffice it to say the record reveals that appellant took $1,287.00 from Leonard Schwartz on March 30, 1972. When appellant appeared at Schwartz's place of business, he produced a pistol and made several threats which Schwartz testified placed him in fear of his life. Appellant was apprehended after a brief chase, and the arresting officer recovered the stolen money from him. At trial appellant was identified by three witnesses, including Schwartz.

In his sole ground of error, appellant contends the trial judge erred by proceeding with the penalty stage of the trial before the court without having that portion of the indictment alleging a prior conviction for enhancement of punishment read to him and obtaining his plea thereto.

The primary offense alleged in the indictment was read to the jury at the commencement of the bifurcated trial and the appellant entered a plea of not guilty. See Article 36.01, Sec. 1, Vernon's Ann.C.C.P. Following the jury's verdict, the penalty stage of the trial was conducted before the court. Just as the court was determining if the parties were ready to proceed, appellant's counsel interrupted and requested "a second" to see if a stipulation could be agreed upon. Thereafter, the appellant personally, his counsel and the State agreed and stipulated as to the prior conviction alleged for enhancement. Such stipulation was accepted after the court made careful inquiry of the appellant in person with regard to the stipulation.

No objection was made during the trial to the State's failure to read the balance of

the indictment at the penalty stage of the trial, no motion for new trial was filed and the contention is raised for the first time by appellate brief filed in accordance with Article 40.09, Vernon's Ann.C.C.P.

Article 44.24, Vernon's Ann.C.C.P., provides that it shall be presumed on appeal. that the defendant "was arraigned" and that "he pleaded to the indictment," "unless such matters were made an issue in the court below."

It would also appear that appellant may not raise the question for the first time on appeal. See Cox v. State, 422 S.W.2d 929 (Tex.Cr.App.1968).

Had there been an objection, the problem could have been easily remedied by reintroducing the evidence, if any had been offered after the enhancement allegations of the indictment had been read, and the appellant's plea thereto entered. Trammell v. State, 445 S.W.2d 190 (Tex.Cr.App. 1969); Peoples v. State, 459 S.W.2d 868 (Tex.Cr.App.1970).

Further, the record reflects almost two months prior to trial the appellant was "duly arraigned according to law" and entered a plea of not guilty.

■ At the hearing on punishment, while represented by retained counsel, appellant stipulated to the truthfulness of the enhancement portion of the indictment. It would be difficult to say that he was misled as to that with which he was charged. Cf. Bevins v. State, 422 S.W.2d 180 (Tex. Cr.App.1967), and Rinehart v. State, 463 S.W.2d 216 (Tex.Cr.App.1971) (where the same contention appellant raises was passed upon).

Still further, it appears that appellant relies upon Article 36.01, Vernon's Ann.C.C.P., to support his contention. Such Article is found in the chapter in the Code of Criminal Procedure 1965 entitled "Trial by Jury," and such Article specifies the order of proceeding in a jury trial. The Article reads in part as follows:

"A jury being impaneled in any criminal action, the cause shall proceed in the following order:

"1. The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07.

"2. . .   .   .

"3.   .   .   .

"8. In the event of a finding of guilty, the trial shall then proceed as set forth in Article 37.07."

Article 37.07, Vernon's Ann.C.C.P., as amended in 1967 provided that the judge shall assess the punishment except in the three instances set forth.

■ There can be no question but that the enhancement portion of the indictment should be read to the jury if the punishment is to be assessed by the jury in light of Article 36.01(1), supra. See Holcombe v. State, 424 S.W.2d 635 (Tex.Cr.App. 1968).

■ In the instant case the penalty stage of the bifurcated trial was before the court alone and we find nothing in Articles 36.01 and 37.07, Vernon's Ann.C.C.P., or any other statute which mandatorily requires the reading of the enhancement portion of the indictment to the defendant and receiving his plea, though such is the better and accepted practice and is to be commended.

In Clardy v. State, 436 S.W.2d 535 (Tex.Cr.App.1968), this court held that Article 36.01, supra, relating to order of proceedings in jury trials and requiring reading of the indictment to the jury by the prosecuting attorney, has no reference to procedure when the case is one in which a jury can be and has been waived.

It would thus appear that for the many reasons stated appellant's contention is without merit.

Nevertheless, appellant relies upon Johnson v. State, 118 Tex.Cr.R. 291, 42 S.W.2d 782 (Tex.Cr.App.1931), and Gray v. State, 468 S.W.2d 851 (Tex.Cr.App.1971), to support the contention urged.

Johnson involved a unitary jury trial some years before the adoption of our present system of bifurcated trials. There the district attorney discovered, after having developed the State's case, that he had not read the indictment to the jury. Therefore, he read the indictment to the jury and obtained the defendant's plea but failed to re-offer the evidence earlier introduced. The court dealing with the mandatory provisions of Article 642, Vernon's Ann.C.C.P. 1925 (the forerunner of Article 36.01, supra), held that issue was not joined until the reading of the indictment and the plea entered and that the failure to re-offer the evidence was fatal. Johnson is clearly not controlling in the present factual situation.

In Gray the defendant was charged with felony theft with a prior conviction alleged for enhancement of punishment under Article 62, Vernon's Ann.P.C. At the penalty hearing the court assessed the punishment at eight (8) years. On appeal the State urged this court to reform the judgment and assess punishment at ten (10) years as required by Article 62, Vernon's Ann.P.C., or remand for such reassessment by the trial court in light of the prior conviction alleged for enhancement.

In refusing this request, this court noted that the enhancement portion of the indictment had not been read nor had Gray's plea been obtained, and that the trial judge was the trier of the facts and decided not to enhance the punishment. The eight (8) years assessed was available punishment for the primary offense and it appeared that the trial judge may not have been satisfied that evidence as to the prior conviction was sufficient. The failure to read the indictment only lent support to the conclusion the court reached. We do not deem *Gray* controlling under the circumstances of the instant case, particularly where the trial judge found and expressedly stated the prior conviction was proven and was being used to enhance punishment.

Despite the holding today, it is to be hoped that trial judges and prosecutors will make every effort to see that enhancement portions of an indictment are read to the defendant and his plea obtained at the penalty stage of the trial and simply avoid questions such as this one.

 By a pro se brief, appellant contends that both the indictment and the conviction are invalid because persons were systematically excluded from the grand jury and the petit jury for religious reasons. After examination of the record, we have found absolutely nothing to support this contention and accordingly overrule it.

The judgment is affirmed.