IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-408-CR





ELSIE MAVIS TURNER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT OF SAN SABA COUNTY



NO. 5,202, HONORABLE HARLEN BARKER, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of driving while her license was suspended under the
Texas Motor Vehicle Safety Responsibility Act. Tex. Rev. Civ. Stat. Ann. art. 6701h, §§ 1F,
32(c) (West Supp. 1993). The jury assessed punishment, enhanced by a previous conviction for
the same offense, at incarceration for 120 days and a $2000 fine. Id. § 32(c)(5).

 In her first point of error, appellant claims that the county court erred by overruling
her motion for mistrial made after the prosecutor mentioned before the jury appellant's motion
in limine. Appellant argues that by telling the jury she had filed a motion in limine, the
prosecutor planted in the jurors' minds the idea that appellant had something she did not want
them to know.

 If the prosecutor's remark was error, it was not preserved for review. Appellant's
objection was untimely, coming only after the prosecutor's second reference to the motion in
limine. Tex. R. App. P. 52(a). Further, the first reference to appellant's motion in limine within
the hearing of the jury was made by defense counsel, just after the jury was sworn. Having first
brought the motion in limine to the attention of the jurors, appellant is in no position to complain
of the prosecutor's subsequent references to the motion. Point of error one is overruled.

 In point of error two, appellant contends that the prosecutor commented on her
failure to testify during jury argument at the guilt stage of trial. During his own argument,
defense counsel asserted that the State failed to prove that appellant had notice that her driver's
license had been suspended. In response, the prosecutor said, "[Y]'all heard the officer testify
that notice of a suspended license is presumed if this notice was delivered. . . . So are they
raising an issue that, well, she didn't know about it, that she didn't have notice that her license
was suspended? Then she's required to come in and deny that." Appellant's objection that this
was a comment on her failure to testify was sustained, but her motion for mistrial was overruled. 
Appellant did not ask for an instruction to disregard. The prosecutor continued, "The issue is,
was there evidence? Did you have any evidence that she did not have notice? Because there has
been no rebuttal, there's been no evidence that she did not have notice other than the statements
of the attorney? You don't have that issue before you, and that's what I'm trying to tell you."

 In a prosecution under article 6701h, it is an affirmative defense that the defendant
did not receive actual notice of the suspension of her driver's license. Article 6701h, § 32(c)(3). 
Actual notice will be presumed if the notice of suspension was mailed to the last known address
of the defendant as shown by the records of the Department of Public Safety. Id. The defendant
has both the burden of production and the burden of persuasion on an affirmative defense. Tex.
Penal Code Ann. § 2.04 (West 1974). 

 In his argument, defense counsel first mentioned the lack of evidence that appellant
received notice that her license had been suspended. The prosecutor was entitled to respond to
counsel's argument by pointing out that notice was presumed and that appellant had the burden
of producing evidence to the contrary. Because only appellant could testify that she did not have
actual notice, it was inevitable that the State's reply would constitute a direct or indirect comment
on appellant's failure to testify. We believe that the prosecutor's remarks did not exceed the scope
of defense counsel's invitation. Nethery v. State, 692 S.W.2d 686, 703 (Tex. Crim. App. 1985);
see Coleman v. State, 643 S.W.2d 947, 951-52 (Tex. Crim. App. 1982).

 Furthermore, we are satisfied that any error in the prosecutor's remark was
harmless beyond a reasonable doubt. Tex. R. App. P. 81(b)(2); see Montoya v. State, 744
S.W.2d 15, 37-38 (Tex. Crim. App. 1987). Appellant's primary defense was an attack on the
credibility of the arresting officer. Appellant did not request an instruction on the affirmative
defense of lack of actual notice or on the existence of the presumed fact of notice. Tex. Penal
Code Ann. § 2.05 (West Supp. 1993). There was, as the prosecutor said, no notice issue for the
jury to decide. Under the circumstances, the statement that appellant was "required to come in
and deny" receiving notice of the suspension could not have contributed to the conviction. Point
of error two is overruled.

 In her last point of error, appellant complains that the enhancement portion of the
information was not read to the jury and appellant's plea thereto was not received. The reading
of the indictment is required by statute and has long been held to be mandatory. Tex. Code Crim.
Proc. Ann. art. 36.01(a)(1) (West Supp. 1993); Warren v. State, 693 S.W.2d 414 (Tex. Crim.
App. 1985); Peltier v. State, 626 S.W.2d 30 (Tex. Crim. App. 1981). This mandatory provision
of article 36.01 is applicable to the penalty stage of a bifurcated trial. Warren, 693 S.W.2d at
415. In this cause, the information alleged that appellant had previously been convicted of driving
while license suspended, a fact which enhances the punishment for the offense. Article 6701h,
§ 32(c)(5).

 This Court must presume that appellant pleaded to the information unless this was
made an issue in the trial court, or unless it otherwise affirmatively appears to the contrary from
the record. Tex. R. App. P. 80(d). Appellant did not object, move for a mistrial, move for a
new trial, or otherwise raise in the county court the issue of her failure to plead to the
enhancement allegation. We believe, however, that the record affirmatively demonstrates that she
did not do so. After receiving the jury's guilty verdict and determining that neither party wished
to have the jury polled, the court announced that the trial would proceed to the punishment phase
and the State called its first witness. There is nothing in the statement of facts to indicate that the
enhancement allegation was read to the jury or that appellant's plea to the allegation was received. 
Neither the court's charge at the punishment stage nor the judgment recites that the information
was read or that appellant's plea was received. See Ward v. State, 329 S.W.2d 887, 888 (Tex.
Crim. App. 1959); Garcia v. State, 629 S.W.2d 196, 199 (Tex. App.--Corpus Christi 1982, pet.
ref'd). Finally, the State concedes in its brief that appellant's point of error is factually correct. 
Under the circumstances, we conclude that the record affirmatively discloses that appellant did
not plead to the enhancement allegation. We turn to the State's argument that the error was
waived or, alternatively, was harmless.

 The Rules of Appellate Procedure provide that a party must present to the trial
court a timely request, objection, or motion stating the specific grounds for the desired ruling in
order to preserve a complaint for appellate review. Tex. R. App. P. 52(a). The Court of
Criminal Appeals has stated, however, that rule 52(a) does not apply to all trial errors. Marin v.
State, 851 S.W.2d 275 (Tex. Crim. App. 1993). According to Marin, criminal defendants have
three kinds of rights: (1) rights that establish absolute requirements and prohibitions; (2) rights
that must be implemented unless expressly waived; and (3) rights that must be implemented on
request. Rule 52(a), says Marin, applies only to the third category. Id. at 279-80.

 Marin does not explain the standards by which an appellate court is to classify
rights for the purpose of applying rule 52(a). We believe, however, that the reading of the
charging instrument is a right that must be implemented in the absence of an express waiver. In
1908, the Court of Criminal Appeals wrote:



 The indictment is the basis for the prosecution. Among other things, its
office is to inform the appellant of the charge laid against him, and one of the
purposes of the requirement that it shall be read to the jury at the beginning of the
prosecution is to inform them in precise terms of the particular charge laid against
the defendant on trial. His plea thereto makes the issue. While it may be thought
that this ground of objection is in its nature quite technical, it is, nevertheless, the
right of every defendant to have the charge read against him and to have his plea
entered therein. Such is the express provision of our statute, and this right has
been recognized time out of mind by all the decisions of this court. It is of such
a substantial nature that in all the decisions of this court is has been treated and
regarded as mandatory. That it can be waived is well established, but such a
waiver cannot be inferred . . . .



Essary v. State, 111 S.W. 927, 930-31 (Tex. Crim. App. 1908) (emphasis added). Seventy-nine
years later, the court was no less insistent on compliance with the prescribed procedure:



This Court has held that the provision of Art. 36.01, supra, that requires that the
charging instrument shall be read to the defendant, is mandatory. The rationale for
this rule of law is that until the charging instrument is read to the accused, and he
pleads thereto, no issue is joined upon which to try him. This rule of law has been
carried over to enhancement paragraphs that are alleged in the charging instrument. 
Without the reading of that part of the charging instrument that contains the
enhancement allegations, and the entering of a plea thereto, no issue is joined upon
which to enhance the punishment. Thus, joining the issue as to the enhancement
allegation or allegations through a plea of "untrue", "not true", or "not guilty" is
mandatory.



Ex parte Sewell, 742 S.W.2d 393, 395 (Tex. Crim. App. 1987) (citations omitted). 

 We have found one opinion of the Court of Criminal Appeals in which it is stated
that the failure to read the charging instrument cannot be raised for the first time on appeal. Reed
v. State, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973). This statement is dicta, however,
because Reed was a trial before the court to which article 36.01 is not applicable. Moreover, the
opinion cited by Reed in support of this statement is not on point. Cox v. State, 422 S.W.2d 929
(Tex. Crim. App. 1968). The opinions cited by the State in its brief, dealing with the waiver of
the right to confrontation, are also not on point. We hold that the failure to comply with article
36.01(a)(1) at the punishment stage was not waived by appellant's silence in the county court. 

 Merely because a statute has been held mandatory does not mean that its violation
cannot be harmless error. Tex. R. App. P. 81(b)(2); Roberts v. State, 784 S.W.2d 430, 435-36
(Tex. Crim. App. 1990). In Roberts, the court noted that the violation of a mandatory statute
does not merit reversal where rigorous adherence to the statute would not have served its intended
purpose, or where the intended purpose of the statute was accommodated in spite of the statutory
breach. Id. at 437. At least one court of appeals has applied the harmless error rule to a violation
of article 36.01(a)(1). Lara v. State, 740 S.W.2d 823, 828-29 (Tex. App.--Houston [1st Dist.]
1987, pet. ref'd).

 In this cause, appellee testified at the punishment stage and admitted her previous
conviction for driving while her license was suspended. This admission was the equivalent of a
plea of true to the enhancement allegation. Under the circumstances, rigorous adherence to article
36.01(a)(1) would have served no purpose because there was no issue to be joined as to the
enhancement allegation. We conclude that the error did not contribute to the punishment assessed
and hold that the error was harmless beyond a reasonable doubt.

 The judgment of conviction is affirmed.


[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: June 30, 1993

[Publish]