Opinion issued October 6, 2005








     




In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00638-CR




RICKY SEEKER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the County Criminal Court at Law No. 9
Harris County, Texas
Trial Court Cause No. 1217880




O P I N I O N
          Appellant, Ricky Seeker, pleaded not guilty to the misdemeanor offense of
driving while intoxicated (DWI) and not true to two punishment enhancement
paragraphs. The jury found appellant guilty. The trial court found not true the
enhancement paragraph alleging appellant had been previously convicted for DWI
and true the paragraph asserting that appellant had an open alcoholic beverage
container during the commission of the current DWI offense. The trial court
sentenced appellant to 180 days in jail and a $2,000 fine. In his first point of error,
appellant asserts that he is entitled to a new sentencing hearing because the trial court
erred by considering the punishment range for a Class A, rather than the Class B
misdemeanor DWI for which appellant was convicted. Appellant’s second point of
error asks that we reform the judgment of conviction, by deleting the true finding on
the open container enhancement paragraph, because the trial court’s oral
pronouncements concerning that paragraph are inconsistent with the written
judgment. We affirm.
Background
          Appellant rear-ended a car stopped at a toll booth, causing the car to ignite. 
Appellant was arrested for DWI and convicted by the jury. During the sentencing
hearing, the trial court ruled inadmissible the State’s evidence that purportedly
showed appellant was previously convicted of the DWI offense alleged in the
enhancement paragraph because of insufficient identification marks on the exhibit. 
No evidence, therefore, established that appellant had been previously convicted for
DWI. 
          At the close of evidence, the trial court made no oral pronouncements
concerning its finding the two punishment enhancement paragraphs true or not true. 
The trial court’s oral ruling, in its entirety, is as follows:
Basically at this time, the jury having found you guilty and the State
being right about one thing and that is but for the grace of God Philip
Carter could be dead and you would be going to the penitentiary instead
of being considered for a Class A misdemeanor. I still believe that you
still don’t think you did anything wrong. I don’t think that you think
that you did anything wrong. I have been on the bench 10 years and I
have never imposed the maximum sentence but I think that this is the
appropriate case. I sentence you to 180 days in the Harris County Jail
and a $2000 fine. Your Driver’s License, your right to have a license is
suspended for two years.

The trial court’s written judgment of conviction shows that appellant was sentenced
for a Class B misdemeanor DWI; that the trial court found not true the enhancement
paragraph alleging that appellant had a prior conviction for DWI; and that the trial
court found true the enhancement paragraph alleging that appellant had an open
alcoholic beverage container during the commission of the current DWI offense.
          Error in Assessing Punishment
          In his first point of error, appellant contends that the trial court erred by
considering appellant’s punishment within the range for a Class A, rather than a Class
B, misdemeanor DWI. 
          A first DWI offense is a Class B misdemeanor punishable by up to 180 days in
jail and up to a $2,000 fine. Tex. Pen. Code Ann. §§ 12.22, 49.04 (Vernon 2003). 
A second DWI offense is a Class A misdemeanor punishable by up to one year in jail
and up to a $4,000 fine. Tex. Pen. Code Ann. § 12.21, 49.09 (Vernon 2003).
          To properly preserve error on appeal, a party must (1) object, (2) state the
grounds with sufficient specificity, and (3) obtain an adverse ruling. Tex. R. App. P.
33.1; Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). However, because
a sentence that is not within the statutory punishment range for an offense is void, no
objection is required to preserve error. See ex parte Seidel, 39 S.W.3d 221, 225 (Tex.
Crim. App. 2001) (holding judgments are void for illegality); see also Heath v. State,
817 S.W.2d 335, 336 (Tex. Crim. App. 1991) (holding that part of sentence imposing
punishment not authorized by law void and that defect rendering sentence void may
be raised at any time). 
          The written judgement of conviction shows that the trial court convicted
appellant for Class B misdemeanor DWI. The trial court’s oral pronouncement, that
appellant was sentenced to the “maximum sentence” of “180 days in the Harris County
Jail and a $2000 fine,” shows that the trial court was sentencing appellant for a Class
B misdemeanor DWI, rather than a Class A misdemeanor, which would carry a
maximum possible sentence of one year in jail and a $4,000 fine. The oral
pronouncement and written judgment consistently show that appellant was convicted
for and received the maximum possible sentence for a Class B misdemeanor. 
Moreover, appellant had been charged with a Class A misdemeanor and thus could be
characterized as being considered for a Class A misdemeanor, even though the trial
court was not going to assess appellant’s punishment as a Class A misdemeanor,
having found the evidence insufficient to prove the enhancement paragraph that
alleged the prior DWI conviction. Therefore, the record does not show that appellant
received either a void sentence or a sentence outside the punishment range for the
offense for which he was convicted.
          To the extent that appellant bases his complaint on the trial court’s statement
that appellant “would be going to the penitentiary instead of being considered for a
Class A misdemeanor” if he had killed the driver of the car he struck, appellant did not
object concerning the statement at trial and has therefore waived any complaint. See
Tex. R. App. P. 33.1; Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).
          We overrule appellant’s first issue on appeal. 
Lack of Oral Pronouncement on Enhancement Paragraph
          In his second point of error, appellant contends that the trial court’s written
finding of “true” conflicts with the trial court’s oral finding because the trial court did
not make an oral finding of “true” on the second enhancement paragraph.
          When the trial court alone assesses a defendant’s punishment, the court is not
required to read that the enhancement paragraphs or the findings to the defendant. 
Garner v. State, 858 S.W.2d 656, 659 (Tex. App.—Fort Worth 1993, writ ref’d)
(citing Reed v. State, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973)). Although it is
preferred that trial courts read the enhancement paragraphs orally and find them to be
true or not true on the record, a trial court does not err by not doing so. See Garner,
858 S.W.2d at 660. When a conflict exists between the oral pronouncement of a
sentence and the sentence in a written judgment, the oral pronouncement controls. 
Taylor v. State, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); Coffey v. State, 979
S.W.2d 326, 328 (Tex. Crim. App. 1998). Conversely, when there is no conflict
between the oral pronouncement and the written judgment, reformation of the
judgment is not necessary. See in re A.P., 59 S.W.3d 387, 393 (Tex. App.—Fort
Worth 2001, pet. dism’d by agr.) (holding no conflict between sentence as orally
pronounced and as memorialized in disposition order when trial court did not make
oral findings later included in disposition order). Our Penal Code provides that a
person convicted of Class B misdemeanor DWI must serve a minimum term of
confinement of 72 hours, unless the person had an open container of alcohol in his or
her immediate possession, which increases the minimum term of confinement to six
days. Tex. Pen. Code Ann. § 49.04(b), (c) (Vernon 2003).
          The record shows that although the trial court did not make any oral
pronouncement regarding the open container paragraph, the court found the paragraph
true in the written judgment. Under these circumstances, in which the trial court has
no duty to make an oral finding of true or not true on an enhancement paragraph, we
hold that the finding of true recited in the written judgment of conviction is not
inconsistent with the trial court’s oral silence concerning the finding. We deny
appellant’s request to reform the judgment.
          We overrule appellant’s second point of error. Conclusion
          We affirm the judgment of the trial court.
 
                                                             Elsa Alcala
                                                             Justice
 
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.
 
Publish. Tex. R. App. P. 47.2(b).