COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





ROBERT McGAUGH,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee. 

§


 


§


 


§


 


§


 


§



§

No. 08-05-00360-CR



Appeal from


 384th District Court


of El Paso County, Texas


(TC # 20040D06500)





O P I N I O N



 Robert McGaugh appeals his sentence of forty-five years' confinement in the Institutional
Division of the Texas Department of Criminal Justice. He complains that the evidence was
insufficient to support the trial court's findings of enhancement. For the following reasons, we
affirm.

FACTUAL SUMMARY


 Appellant was indicted on one count of aggravated sexual assault of a child and three counts
of indecency with a child. Prior to trial, the State filed a notice of enhancement and habitualization. 
In the notice, the State listed two prior felony robbery convictions.The jury found Appellant guilty
of the three counts of indecency with a child. The trial court found the enhancements true and
assessed punishment at forty-five years' confinement. 

 During the punishment phase, the trial court admitted without objection all evidence admitted
during the guilt/innocence phase and Exhibits 3, 4, 5, 6, and 7. Exhibits 4, 5, 6, and 7 were certified
copies of Appellant's prior convictions, two of which the State relied on for enhancement. Exhibit
3 was a stipulation signed by Appellant that he was the person convicted of the two enhancements
alleged. Following the admission of this evidence, the State and the defense rested and closed. 

 The trial court then ordered a presentence investigation report and postponed assessing
punishment to a later date. At sentencing, the State asked to read the notice of enhancement into the
record. Appellant objected, arguing that the enhancement allegations had not been read and his plea
had not been taken at the beginning of the punishment phase. The State sought permission to reopen
the evidence and to read the notice of enhancement into the record. Over Appellant's objection, the
trial court allowed the State to read the notice. Appellant then objected to entering a plea. Pointing
to the signed stipulation, the trial court overruled the objection. Appellant then entered a plea of not
true. The trial court stated that it had reviewed the presentence investigation report and, having
considered all the evidence, it found the two prior convictions true for the purposes of
habitualization.

IS ARTICLE 36.01 APPLICABLE?


 In his sole issue for review, Appellant complains that because the enhancement allegations
were not read and his plea was not taken at the beginning of the punishment phase, the evidence is 
insufficient to support the sentence imposed. He relies upon Article 36.01 in support of this
argument: 

 (a) A jury being impaneled in any criminal action, except as provided by Subsection
(b) of this article, the cause shall proceed in the following order:


 1. The indictment or information shall be read to the jury by the attorney
prosecuting. When prior convictions are alleged for purposes of enhancement only
and are not jurisdictional, that portion of the indictment or information reciting such
convictions shall not be read until the hearing on punishment is held as provided in
Article 37.07.


Tex.Code Crim.Proc.Ann. art. 36.01 (Vernon 2007). The reading of the indictment is mandatory.
The purpose of the rule is to inform the accused of the charges against him and to inform the jury
of the terms charged against the accused. Warren v. State, 693 S.W.2d 414, 415-16 (Tex.Crim.App. 
1985). Article 36.01 is applicable to the punishment phase in a bifurcated trial. Id. at 415-16. But
Article 36.01 only applies when punishment is assessed by a jury. Reed v. State, 500 S.W.2d 497,
499 (Tex.Crim.App. 1973)(the enhancement portion of the indictment should be read to the jury if
the punishment is to be assessed by the jury ). When the trial court assesses punishment, the statute
is inapplicable. See id. Moreover, once Appellant objected, the trial court permitted the State to read
the enhancement allegations and allowed Appellant to enter a plea of "not true." While the reading
of the enhancements and acceptance of the plea is the better practice, there is no such requirement
when punishment is assessed by the trial court. See id.; Garner v. State, 858 S.W.2d 656, 659
(Tex.App.--Fort Worth 1993, pet. ref'd)(while the better practice is for trial courts to orally read the
enhancement paragraphs and find them to be true or false on the record, trial court did not err by
failing to do so since the court assessed punishment instead of a jury).

 When the State seeks to enhance a defendant's punishment range, the State has the burden
to prove that the defendant's prior convictions were final and that the defendant was the person who
was previously convicted. See Wilson v. State, 671 S.W.2d 524, 525 (Tex.Crim.App. 1984). If the
defendant pleads true to the enhancement paragraphs, then the State's burden of proof is satisfied. 
Id. Here, however, Appellant pled "not true." Again relying on Article 36.01, Appellant contends
the evidence was insufficient to support the trial court's finding of true to the enhancements. We
disagree for two reasons. First, the statute is inapplicable when the trial court assesses punishment. 
See Reed, 500 S.W.2d at 499. Second, Appellant stipulated that he was the person who committed
the two alleged enhancement crimes. While the State did not re-offer the stipulation following the
reading of the notice and the plea, the trial court relied upon Appellant's stipulation without
objection.

 [DEFENSE ATTORNEY]: Your Honor, we object to entering a plea and that the
Court has not authorized the State to reopen the case. And they have wholly failed
to properly bring this matter before the Court. 


 THE COURT: Well, I authorized them to reopen by letting them offer that in, so, in
essence, that's what I did. And you're not going to enter a plea?


 [DEFENSE ATTORNEY]: No, Your Honor.


 THE COURT: I will take the stipulations that you signed at trial in this case --


 [DEFENSE ATTORNEY]: Your Honor, and for the record, we'll enter of just not
true.


 THE COURT: All right. And I do note that Mr. McGaugh, with his attorney, filed
a stipulation with this court. Genesis, where are they? (Interruption).

 

 All right. But I do note that [Defense Attorney], [Prosecutor] and Robert McGaugh
signed the stipulation, stipulating that the prior convictions in Cause Number 32658
on the 5th day of April of 1979, in the 168th District Court, for robbery. And also
a stipulation for robbery in the 41st District Court in 1986, in Cause Number 46222,
the 24th day of January of 1986, in the 41st District Court. And this stipulation was
admitted in evidence and signed by the attorneys in this case, I believe on the date
that the verdict was returned by the jury on the 19th day of October, 2005. Your
objections are noted and overruled. This Court has reviewed the presentence
investigation and has taken into consideration all the evidence in this case. I find it
true that he has two prior convictions, for purposes of habitualization. . . .


 Because Appellant entered into a stipulation of the evidence, the evidence was sufficient to
support the trial court's finding of true to the enhancement paragraphs. See Garza v. State, 548
S.W.2d 55, 56-57 (Tex.Crim.App. 1977)(written stipulation which was admitted without objection
was sufficient to support trial judge's finding that enhancement allegations were true); Lucas v. State,
452 S.W.2d 468, 470 (Tex.Crim.App. 1970)(evidence was sufficient to authorize the enhancement
of punishment where defendant entered into stipulation regarding prior convictions); Gomez v. State,
921 S.W.2d 329, 337 (Tex.App.--Corpus Christi 1996, no pet.)(defendant's stipulation admitted
without objection was sufficient evidence to support trial court's finding that enhancement
allegations were true); Davis v. State, 970 S.W.2d 747, 749 (Tex.App.--Houston [14th Dist.] 1998,
no pet.)(because defendant stipulated to the truthfulness of the enhancement paragraphs during the
punishment hearing, he could not complain he did not know the charges against him); See also
Bryant v. State, 187 S.W.3d 397, 400 (Tex.Crim.App. 2005)(a stipulation is a kind of judicial
admission that is not evidence at all but rather has the effect of withdrawing a fact from issue and
dispensing wholly with the need for proof of that fact). We overrule Appellant's sole point and 
affirm the judgment of the trial court.


August 16, 2007 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)