

## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

| | § | |
|---|---|---|
| MELVIN PINION | | No. 08-13-00045-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 396th District Court |
| | § | |
| THE STATE OF TEXAS | | of Tarrant County, Texas |
| | § | |
| Appellee. | | (TC# 124814D) |
| | § | |

## **O P I N I O N**

Melvin Pinion appeals his conviction of indecency with a child, enhanced by a prior felony conviction. After the jury found Appellant guilty, the trial court found the enhancement paragraph true and assessed his punishment at imprisonment for fifteen years. Finding no error, we affirm.

## FACTUAL SUMMARY

In December 2010, ten-year-old A.F. and her three sisters lived in Arlington with their mother, J.P. J.P.'s uncle also stayed at the house from time to time. On Christmas Eve at around 6:00 p.m., A.F. and her sisters stayed at the house with Appellant while her mother went Christmas shopping. All of them were in Appellant's room watching television or playing games. Appellant was on a bunk bed under the covers. A.F. complained that she was cold and Appellant told her to get under the covers with him. After she had been under the covers "about

a minute," Appellant pulled his pants down and A.F. pulled down her pants because she was scared. Appellant put his "private part" between her legs. His private part was hard and he moved it back and forth between her legs for about two minutes before stopping. Appellant got out of the bed and told A.F. to wipe herself. He told A.F. not to tell her mother because she would get mad at A.F.

A.F. finally told her mother what had happened on Valentine's Day, but her mother did not know what to do and did not report it to anyone. She confronted Appellant about what A.F. had said, and he denied it. Two months later, A.F. wrote on her arm, "Die in your own shadow" and one of her teachers saw it. The teacher told a school counselor who spoke with A.F. A.F. told the school counselor that she had thought about killing herself. The counselor called A.F.'s mother who took her to Cook Children's Hospital. A.F. told Michele Mastick, an intake specialist, that Appellant had sexually abused her in December 2010. Mastick, in turn, reported A.F.'s outcry to Child Protective Services. Charity Henry interviewed A.F. at the Alliance for Children.

Detective Mary Almy interviewed Appellant about the allegation made by A.F. He told her that when A.F. backed up against him and began rubbing her butt on him he reprimanded her and told her not to tell her mother. He also alleged that A.F. made this up because she did not like him correcting her. Almy subsequently obtained a warrant for Appellant's arrest.

Some of the family members testified that A.F. had a bad reputation for being truthful. Appellant testified at trial and admitted that they had been on the bed together but he denied any sexual contact with her. He asserted that she pushed up her butt against him and he made her

stop. He made her get out of the bed and took her out in the hallway where he said: "Look, I know what you up to, but don't do that again. And don't go tell your momma trying to create no situation because you're mad." He testified that A.F. was mad at him for disciplining her and making her do chores.

The jury rejected Appellant's defense and found him guilty of indecency with a child as alleged in the indictment. The trial court found the enhancement paragraph true and assessed Appellant's punishment at imprisonment for a term of fifteen years.

## REPEAT OFFENDER ALLEGATION

In his first issue, Appellant argues that the trial court abused its discretion by finding the enhancement allegation true because the allegation was not read to Appellant and he did not enter a plea to it during the punishment phase. The State responds that Appellant did not preserve the issue by raising it in the trial court.

Article 36.01 of the Code of Criminal Procedure establishes the order of proceedings in a jury trial. TEX.CODE CRIM.PROC.ANN. art. 36.01 (West 2007). Subsection (a)(1) provides:

> The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07.

It is well established that, in a jury trial, the reading of the charging instrument and the entry of the defendant's plea is mandatory. *See Ex parte Sewell,* 742 S.W.2d 393, 395 (Tex.Crim.App. 1987); *Warren v. State*, 693 S.W.2d 414, 415 (Tex.Crim.App. 1985); *Reed v. State*, 500 S.W.2d 497, 499 (Tex.Crim.App. 1973). These requirements also apply to the punishment phase in a

jury trial. *Warren*, 693 S.W.2d at 415-16. Article 36.01 governs procedures in a jury trial. It does not require a reading of the enhancement paragraph to the defendant and receiving his plea in the punishment phase of a bifurcated trial when punishment is tried to the court alone. *See Reed*, 500 S.W.2d at 498-99; *Session v. State*, Nos. 02-13-00527-CR, 02-13-00528-CR, 02-13-00529-CR, 02-13-00530-CR, 02-13-00531-CR, 2014 WL 1327499 (Tex.App.--Fort Worth Apr. 3, 2014, no pet.)(mem. op., not designated for publication).[1] Even if Article 36.01's requirements applied in this case, Appellant did not object to the trial court's failure to read the enhancement allegation or to take his formal plea to the enhancement, and he did not otherwise bring the issue to the trial court's attention. Consequently, he failed to preserve his complaint. *See Session*, 2014 WL 1327499, at *1. We overrule Issue One.

## JURY ARGUMENT

In Issues Two and Three, Appellant contends that the trial court abused its discretion by overruling his objections to improper jury argument by the prosecutor. Generally, there are four proper areas of jury argument: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answers to an argument of opposing counsel; and (4) pleas for law enforcement. *Freeman v. State*, 340 S.W.3d 717, 727 (Tex.Crim.App. 2011). The trial court's ruling on an objection to jury argument is reviewed for an abuse of discretion. *Nzewi v. State*, 359 S.W.3d 829, 841 (Tex.App.--Houston [14th Dist.] 2012, pet. ref'd); *see Garcia v. State*, 126 S.W.3d 921, 924 (Tex.Crim.App. 2004).

Appellant first argues that the prosecutor made an improper attempt to shift the burden of

---

[1] The Texas Supreme Court transferred this appeal from the Second Court of Appeals to the Eighth Court of Appeals pursuant to a docket equalization order. We will decide the case in accordance with precedent of the transferor court as required by TEX.R.APP.P. 41.3.

proof by arguing that Appellant had subpoena power. During closing argument, defense counsel made the following argument criticizing the failure of the police to fully investigate A.F.'s allegations:

> We talked about in voir dire why a child might make a false accusation. We all agreed. It's possible that they'd make a false allegation of abuse to have a disciplinarian removed from the home. We heard testimony from [A.F.] that she didn't like Melvin. He was bossy, told her what to do. He got on to her.
>
> And we talked about children know more about sex than society is willing to recognize. And we talked about all that. There's no point in going over that anymore.
>
> We talked about would a child make an accusation for attention? Maybe something about learning abuse that occurred to a friend or classmate? Maybe about seeing secondary gain from another child's allegation?
>
> Well, that's important because the detective at least made the effort to talk to Melvin and Melvin told her, well, [J.P.] told me that her friend Lekeshia told her that her friends were making the same allegation. Oh, really. Okay. Well, maybe I'll make a few phone calls and see if there's any truth to that. Because nobody answers the phone, then I guess they're just not important. I'm not even going to lift a finger to pursue this point anymore. You know why? Because I've already made my mind up.
>
> And I want you to recall part of her testimony. And this is all evidence. You get to take it -- if you want to review this, you get to listen to it. You just send a note out and you ask to listen to this. He told her. Detective Almy didn't think it was important to follow up on it.

The prosecutor responded by stating the following during his closing argument:

> [Prosecutor]: Keshia had nothing to do with this case. If they wanted to talk to her, if she had anything helpful to say, she would have been here with a Defense subpoena.
>
> [Defense Counsel]: Objection, Your Honor, State shifting the burden.
>
> [The Court]: Overruled.

[Prosecutor]:  Both sides can subpoena witnesses.

The prosecutor's argument did not impermissibly shift the burden to the defense and it was a proper response to the argument of defense counsel.  *See Jackson v. State*, 17 S.W.3d 664, 674 (Tex.Crim.App. 2000)(holding that the State did not impermissibly shift the burden to the defense by arguing the defense would have called its expert to the stand if it had seriously disputed the State's evidence where the prosecutor's comments were actually rebuttal to defense counsel's argument attacking the State's scientific evidence).  Further, the State is permitted to comment on the defendant's failure to produce testimony and evidence from sources other than himself so long as the remark does not fault the defendant for exercising his right not to testify. *Id.*  This includes commenting on the defendant's subpoena power provided the argument refers to the defendant's failure to produce evidence from other sources.  *Livingston v. State*, 739 S.W.2d 311, 338 (Tex.Crim.App. 1987); *Harris v. State*, 122 S.W.3d 871, 884 (Tex.App.--Fort Worth 2003, pet. ref'd).  The trial court did not abuse its discretion by overruling the objection. Issue Two is overruled.

Appellant next contends that the prosecutor argued outside of the record by stating that Appellant made the complainant get into the bed because there is no evidence that Appellant "forced" her to get into the bed.  The State responds that the challenged argument is proper because it was a summation of the evidence.  In examining a challenge to jury argument, an appellate court must consider the remark in context.  *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex.Crim.App. 1988).  Further, we keep in mind that counsel is allowed wide latitude without limitation in drawing inferences from the evidence so long as the inferences drawn are

reasonable, fair, legitimate, and offered in good faith. *Id.*

The prosecutor made the following argument:

> You heard Charity Henry talk about sensory and peripheral details. They don't typically see those kind of details if someone is coached or someone is lying. You heard [A.F.] tell you it was Christmas Eve, mom went shopping, she was cold, Defendant tells her to get in bed, which she does, pulled the covers up. Other children initially there, then they leave.
>
> She felt and she heard him remove his pants. She heard a belt buckle. She knew he was wearing jeans. And she pulled down her own pants because she was scared. And he was an authority figure and a disciplinarian, and she was scared of what he was about to do.
>
> And it doesn't make sense why she pulled down her pants. She's a child. And that's why her story is so credible. Because if she were lying, don't you think she would have made up something a little better? That maybe she actually saw his penis? Or maybe she touched it with her hand? Or maybe she didn't pull down her own pants, but maybe he did?
>
> The story's honest because that's how it happened. She was scared. She was ten. She didn't know what to do. *He made her get in bed*, pulls down his pants.

[Defense counsel]: Objection, Your Honor, outside the record.

[The Court]: Overruled.

A.F. testified that she told Appellant she was cold and he told her to get into the bed with him. She was ten years of age at the time and Appellant was an adult family member who was caring for her and the other children while their mother was out shopping. It is reasonable to infer from the evidence that A.F. got into the bed with Appellant because he told her to do so, or in other words, because he "made" her. The prosecutor's comment, when viewed in its proper context, is a reasonable deduction from and a proper summation of the evidence. Issue Three is overruled.

**EXCLUSION OF EVIDENCE**

In Issue Four, Appellant complains that the trial court abused its discretion by excluding the testimony of a witness about the complainant's reputation for truthfulness. The State does not address the merits of this issue but argues that any error is harmless because the trial court admitted testimony from two other witnesses regarding A.F.'s reputation for truthfulness.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex.Crim.App. 2010). An abuse of discretion occurs if the court's decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex.Crim.App. 2008). An evidentiary ruling must be upheld if it is reasonably supported by the record and correct on any theory of law applicable to the case. *Ramos v. State*, 245 S.W.3d 410, 418 (Tex.Crim.App. 2008).

Appellant's brother, Greely Pinion, testified outside of the jury's presence that he was familiar with A.F.'s reputation in the family for truthfulness and her reputation was bad. Additionally, Greely stated his opinion that A.F. was untruthful. The State objected to the admission of this testimony on the grounds that Appellant had failed to establish the predicate under TEX.R.EVID. 608, the nexus between the opinion and the basis for the opinion was insufficient, the opinion was based on minimal instances of contact with A.F., and the community consisted of only family members. The trial court permitted two other family members to testify about A.F.'s reputation for truthfulness but it sustained the State's objection to Greely because his testimony was "based totally on hearsay."

Rule 404(a)(1) of the Texas Rule of Evidence generally prohibits the admission of

evidence of a person's character or character trait for purposes of proving character conformity, but Rule 404(a)(4) establishes an exception for evidence of a witness's character offered pursuant to Rules 607, 608, and 609. TEX.R.EVID. 404(a)(4). Rule 608, titled "A Witness's Character for Truthfulness or Untruthfuless," provides as follows:

> (a) Reputation or Opinion Evidence. A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.

> (b) Specific Instances of Conduct. Except for a criminal conviction under Rule 609, a party may not inquire into or offer extrinsic evidence to prove specific instances of the witness's conduct in order to attack or support the witness's character for truthfulness.

TEX.R.EVID. 608. Rule 608(a) permits two types of general credibility impeachment of a witness: (1) testimony that the witness has a poor reputation in the community for telling the truth; and (2) testimony from a specific character witness that, in his opinion, the witness is not worthy of belief because they generally do not tell the truth. TEX.R.EVID. 608(a); *Dixon v. State*, 2 S.W.3d 263, 272 (Tex.Crim.App. 1998)(op. on reh'g); *see Scott v. State*, 222 S.W.3d 820, 824-26 (Tex.App.--Houston [14th Dist.] 2007, no pet.).

Greely's testimony addressed both his opinion that A.F. was untruthful and his knowledge of her reputation in the family for untruthfulness. Regarding Greely's opinion testimony, we understand the State's predicate objection to be that there was an insufficient basis for the opinion because it was based on a single event. Greely testified that when A.F. was seven-years-old she stated that a family member who had disciplined her was being mean to her

- 9 -

and had treated her unfairly. Greely testified that he had conversations with A.F.'s mother who stated that "they're always picking on my baby." According to Greely, that was not true.

Texas Rule of Evidence 701 permits a lay witness to offer opinion testimony if the opinion is (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact issue in the case. TEX.R.EVID. 701; *Ex parte Nailor*, 149 S.W.3d 125, 134 (Tex.Crim.App. 2004). The Court of Criminal Appeals has held that the perception requirement of Rule 701 is consistent with the personal knowledge requirement of Rule 602. *Fairow v. State*, 943 S.W.2d 895, 899 (Tex.Crim.App. 1997). Consequently, the proponent of lay-opinion testimony is required to establish that the witness has personal knowledge of the events upon which his opinion is based. *Id.*

Greely had personal knowledge of only a single event involving A.F. and he did not clearly testify that A.F. had been untruthful on that occasion. The trial court did not abuse its discretion by excluding Greely's opinion testimony.

Regarding Greely's reputation testimony, we understand the State's predicate objection to be that there was an insufficient basis for the testimony because the community consisted of only family members. As argued by defense counsel at trial, the evidence showed that the complainant is part of a close-knit family, and like many children, the community which would have knowledge of her reputation for truthfulness is her family.

The Court of Criminal Appeals has held that "[a] reputation witness's testimony must be based on discussions with others concerning the defendant, or on hearing others discuss the

defendant's reputation, and not just on personal knowledge . . . ." *Adanandus v. State*, 866 S.W.2d 210, 226 (Tex.Crim.App. 1993), *quoting Turner v. State*, 805 S.W.2d 423, 429 (Tex.Crim.App. 1991)(discussing former TEX.R.CRIM.EVID. 405). Discussions with other police officers regarding the defendant's reputation in the community in which he resides have been held sufficient to qualify a witness on reputation. *See Turner*, 805 S.W.2d at 429. The requirement that the proponent of the evidence show the reputation witness is familiar with the fact witness's reputation in the community has been applied to a case where the fact witness is a child. *See Sapien v. State*, 705 S.W.2d 214, 217 (Tex.App.--Texarkana 1985, pet. ref'd)(refusal to allow reputation witness to testify about child victim's reputation for truthfulness in community was not error in aggravated sexual assault prosecution in absence of evidence that the reputation witness was familiar with child victims reputation for truthfulness from discussing it with other members of community). We have found no authority that a witness is qualified to testify about a child's reputation for truthfulness or untruthfulness where the community is limited to the child's family members. Consequently, we conclude that the trial court did not abuse its discretion by excluding Greely Pinion's reputation testimony.

Even if the testimony was admissible reputation evidence under Rule 608, the erroneous exclusion of evidence offered under the Texas Rules of Evidence generally constitutes non-constitutional error and is reviewed under Rule 44.2(b). TEX.R.APP.P. 44.2(b); *Walters v. State*, 247 S.W.3d 204, 219 (Tex.Crim.App. 2007). Under this standard, an appellate court must disregard non-constitutional error that does not affect the appellant's substantial rights. TEX.R.APP.P. 44.2(b). Substantial rights are not affected if the appellate court, after examining

the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect. *Coble v. State*, 330 S.W.3d 253, 280 (Tex.Crim.App. 2010); *Motilla v. State*, 78 S.W.3d 352, 355 (Tex.Crim.App. 2002). An exception exists, however, when erroneously excluded evidence offered by the criminal defendant forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense. *Walters*, 247 S.W.3d at 219. In that case, the standard for constitutional error set forth in Rule 44.2(a) would govern the harm analysis. *Id.*

As noted by the State in its brief, the trial court admitted testimony by two other family members regarding A.F.'s character for untruthfulness. A.F.'s grandmother and great-grandmother each testified that A.F.'s reputation in the family is that she is untruthful. Greely Pinion's testimony that A.F. had a bad reputation in the family for truthfulness would have been cumulative of these two witnesses' testimony. Accordingly, we conclude that the exclusion of his testimony did not prevent Appellant from presenting his defense that A.F. was not a credible witness. Therefore, the proper standard for reviewing the error is Rule 44.2(b). After reviewing the entire record, we can say with fair assurance that the exclusion of Greely Pinion's testimony, which was cumulative of the testimony of the other two witnesses, did not influence the jury. Issue Four is overruled. Have overruled each issue presented, we affirm the judgment of the trial court.

April 22, 2015                                    ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, J., and Barajas, C.J. (Senior Judge)
Barajas, C.J., (Senior Judge)(Sitting by Assignment)
(Do Not Publish)