**AFFIRMED and Opinion Filed April 29, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00515-CR

### GILBERT LAMON CLEVELAND, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 4
Dallas County, Texas
Trial Court Cause No. F18-51262-K**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Reichek
Opinion by Justice Reichek

A jury convicted Gilbert Lamon Cleveland of possession of a controlled substance, i.e., cocaine, in an amount of one gram or more but less than four grams with intent to deliver. The trial court assessed punishment, enhanced by two prior felony convictions, at twenty-five years in prison.

In two issues, appellant contends the trial court erred by (1) instructing the jury that cocaine is a controlled substance and (2) failing to obtain pleas from him on the enhancement paragraphs. For reasons set out below, we overrule both issues and affirm the trial court's judgment.

1

Appellant has not challenged the sufficiency of the evidence to support his conviction; accordingly, we provide only a brief recitation of the facts. An undercover narcotics detective with the Dallas Police Department received a tip that appellant was selling drugs out of a fast-food restaurant that he managed. The detective investigated and learned that appellant had an outstanding warrant. The detective requested officers from the fugitive unit to make an arrest. One of the officers approached appellant outside of the restaurant, told him he had a warrant for his arrest, and handcuffed him. As part of a search incident to arrest, the officer found a bag in appellant's front pants pocket. The bag contained nine smaller bags that contained powder and rock cocaine. The cocaine weighed 1.1275 grams, including adulterants and dilutants.

## Jury Instruction

In his first issue, appellant contends the trial court improperly commented on the weight of the evidence by including an instruction in the jury charge that "c]ocaine is a controlled substance." Appellant did not object to the instruction and argues on appeal that its inclusion in the charge was egregious error because it lessened the State's burden of proof.

We have previously rejected this argument. *See Germany v. State*, 1999 WL 72297, at *2 (Tex. App.—Dallas Feb. 16, 1999, no pet.) (not designated for publication); *Fletcher v. State*, No. 05-92-01604, 1993 WL 532058, at *1 (Tex. App.—Dallas Dec. 21, 1993, no pet.) (per curiam) (not designated for publication).

Whether a substance is a controlled substance is a question of law, not of fact. *Accord Black v. State*, 491 S.W.2d 428, 431 (Tex. Crim. App. 1973), *overruled on other grounds by Faulkner v. State*, 549 S.W.2d 1, 4 (Tex. Crim. App. 1976). The Texas Controlled Substances Act defines "controlled substance" as a substance listed in Penalty Group 1. TEX. HEALTH & SAFETY CODE ANN. § 481.002(5). Cocaine is listed in Penalty Group 1. *Id*. § 481.102(3)(D). Thus, cocaine is by definition, and as a matter of law, a controlled substance, and the court's instruction did not usurp the jury's fact-finding role nor lessen the State's burden of proof. *See See Germany*, 1999 WL 72297, at *2; *Fletcher*, 1993 WL 532058, at *1. We overrule the first issue.

### Enhancement Paragraphs

In his second issue, appellant contends the trial court violated article 36.01(a)(1) of the Texas Code of Criminal Procedure by failing to read the allegations contained in the two enhancement paragraphs and receive pleas of "true" or "not true" to those allegations before assessing his sentence. He contends that by failing to do so, the issue of enhancement was not joined and the sentence assessed was greater than the maximum allowed. We disagree.

In *Reed v. State*, as here, the punishment phase of the trial was heard by the trial court. 500 S.W.2d 497, 499 (Tex. Crim. App. 1973). The enhancement allegation was not read to the defendant, and defense counsel did not object to this omission. *Id*. at 498–99. The court thus determined that it "appear[s] that appellant

may not raise the question for the first time on appeal." *Id.* at 499. The Court noted that, had there been an objection, the problem could have been easily remedied by reintroducing the evidence, if any had been offered after the enhancement allegations were read, and the plea entered. *Id.* Here, appellant did not object to the trial court's failure to read the enhancement allegations and receive pleas; thus, his complaint is waived.

Even if the issue was not waived, article 36.01(a)(1) applies to the order of proceedings in a jury trial, but appellant elected for the trial court to decide punishment. *See* TEX. CODE CRIM. PROC. ANN. art. 36.01(a). When the punishment phase of trial is held before the trial court, the code of criminal procedure does not mandate the reading of the enhancement paragraphs and the receipt of the defendant's plea to the enhancement paragraphs. *See Reed*, 500 S.W.2d at 499; *see also Hernandez v. State*, No. 05-18-00172-CR, 2019 WL 3543576, at *6 (Tex. App.—Dallas Aug. 5, 2019, pet. ref'd) (mem. op.) (not designated for publication), *citing Lopez v. State,* 452 S.W.3d 425, 428 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd); *Davis v. State*, 970 S.W.2d 747, 749 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *Garner v. State*, 858 S.W.2d 656, 659 (Tex. App.—Fort Worth 1993, pet. ref'd). In addition, when the court decides punishment, the court is not required to read its finding concerning the enhancement paragraph to the defendant. *Hernandez,* 2019 WL 3543576, at *6. Although it is preferred that trial courts read the enhancement paragraphs orally and find them to be true or not true on the record,

–4–

a trial court does not err by not doing so as long as it appears on the record that the court found the enhancement true and entered sentenced accordingly. *Id.*

Here, the record shows that appellant was aware of the two enhancement allegations and their impact on any sentence. Immediately before voir dire began, the State said it had offered appellant a ten-year sentence and was "open to talk about that rec." The trial court explained that if the two enhancement paragraphs were found true, appellant was facing a minimum sentence of twenty-five years and suggested appellant talk to his lawyer "and see if there's anything that you want to talk about with him, or do, or if he can give you some good advice or something, because 25 years is a lot." After a brief recess, appellant and his attorney returned to the courtroom, and defense counsel said he had talked to appellant, who was not willing to "negotiate anything. . . [n]ot even probation." Given these events, it would be difficult to say appellant was misled about the charge against him.

At punishment, the State presented the penitentiary packets containing the documents of the prior convictions alleged as enhancements and fingerprint evidence to link the convictions to appellant. Thereafter, appellant testified and said he understood the prosecution had introduced evidence of his past criminal record. After hearing the evidence, the trial court sentenced appellant to twenty-five years, "the "minimum I can give." The judgment reflects findings of true to both enhancement paragraphs, which are supported by the record. Because appellant has

not preserved his issue for review and because, in any event, the trial court did not err, we overrule his second issue.

We affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
190505F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

GILBERT LAMON CLEVELAND, Appellant

No. 05-19-00515-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4, Dallas County, Texas Trial Court Cause No. F18-51262-K. Opinion delivered by Justice Reichek; Justices Myers and Partida-Kipness participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered April 29, 2020