**Bruce Ray SIMPSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–96–00351–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 2, 1997.

Stanley Schneider, Houston, for appellant.

John B. Holmes, Kimberly Aperauch Stelter, Houston, for appellee.

Before SCHNEIDER, C.J., and ANDELL, J.

## OPINION

TAFT, Justice.

A jury found appellant, Bruce Ray Simpson, guilty of assault by causing bodily injury. The trial court sentenced appellant to one year in jail, probated for two years, and a $2,000 fine. We consider whether appellant's motion for new trial was timely presented. We affirm.

As appellant was leaving Beverly Ann Kastner's apartment, an argument developed into a fight, during which appellant struck Kastner repeatedly in the head with his hand. At trial, appellant was the sole defense witness who testified concerning the events of the night in question.

In appellant's sole point of error, he contends the trial court abused its discretion in denying appellant a hearing on his motion for new trial. Appellant argues this denied him the opportunity to present evidence necessary to raise his claim of ineffective assistance of counsel because the motion alleged matters not determinable from the record. The State says no abuse of discretion is shown where appellant's motion for new trial was neither sworn nor timely presented.

Appellant was convicted on March 1, 1996. Appellant filed a motion for new trial on March 27, 1996, alleging ineffective assistance of counsel resulting from counsel's failure to conduct any independent investigation of the facts. On April 15, 1996, appellant sent a letter to the trial court submitting a copy of the motion for new trial with statements from witnesses who would have corroborated appellant's testimony if they had been called. The trial court denied the motion for new trial on April 26, 1996. On May 6, 1996, appellant filed a formal bill of exception on denial of his motion for new trial, complaining that the trial court denied his

motion for new trial without holding a hearing.

The Rules of Appellate Procedure require that "an accused shall present his motion for new trial to the court within ten days after filing it." Tex.R.App.P. 31(c)(1) (Vernon Pamph.1997, repealed effective Sept. 1, 1997).[1] The term "present" is not defined, so the common meaning, "to offer for consideration," has been adopted. *See Martinez v. State*, 846 S.W.2d 345, 346 (Tex.App.—Corpus Christi 1992) *after remand, aff'd on other grounds*, 846 S.W.2d 348 (Tex.App.—Corpus Christi 1992, pet. ref'd). Here, there is nothing in the record reflecting that appellant's motion for new trial was presented to the trial court within 10 days. It behooves a defendant to memorialize presentment within 10 days by obtaining a written notation on a proposed order setting the motion for new trial for a hearing on a specific date, as in *Green v. State*, 754 S.W.2d 687, 687 (Tex. Crim.App.1988). *See Enard v. State*, 764 S.W.2d 574, 575 (Tex.App.—Houston [14th Dist.] 1989, no pet.). Even if appellant's letter could be considered presentment, it was not timely. It was filed 19 days after appellant filed his motion for new trial. The only indication it was ever presented to the trial court is the trial court's written denial of motion for new trial on the face of the letter on April 26, 1996. Rule 31(c)(1) gives the trial court discretion to hold a hearing within 75 days, even if the motion for new trial is not presented timely. Tex.R.App.P. 31(c)(1). However, it is not an abuse of discretion to deny a motion for new trial without a hearing when the motion was not presented within 10 days of filing. *See Gibbs v. State*, 819 S.W.2d 821, 836 (Tex.Crim.App.1991); *Price v. State*, 840 S.W.2d 694, 697 (Tex.App.—Corpus Christi 1992, pet. ref'd).

Accordingly, we overrule appellant's sole point of error and affirm the trial court's judgment.

---

1. This case was filed and briefed before the Texas Rules of Appellate Procedure were amended effective September 1, 1997. Therefore, we have applied the rules in effect at that time. *See*

Order Approving the Texas Rules of Appellate Procedure, Misc. Docket No. 97–9134 (Tex. Aug. 15, 1997).