Opinion issued June 19, 2008 











 







In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00737-CR

 __________


RICKY LEE KALUZA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 10th District Court

Galveston County, Texas

Trial Court Cause No. 06CR2535






MEMORANDUM OPINION

 A jury found appellant, Ricky Lee Kaluza, guilty of sexual assault, and he was
sentenced to 20 years in prison and a $5000 fine. In three issues, appellant contends
that the trial court erred (1) in failing to timely rule on his motion for new trial and
motion in arrest of judgment, (2) in neglecting to properly admonish him on the
proper penalty range for the offense, and (3) in improperly stating the punishment
range. We affirm. 

Background


 At one time, appellant and S.G. lived together in her trailer, and he fathered her
two children. He was asked to move out, and, in the early morning hours of August
28, 2006, appellant broke into S.G.'s trailer and sexually assaulted her. He was
charged with burglary of a habitation with the commission of or the intent to commit
sexual assault. The charge also included the lesser included offense of sexual assault.

 During voir dire, the trial court explained the trial process to the prospective
jurors as follows: 

 Now, the Code of Criminal Procedure provides for a bifurcated trial. 
There are two stages to every trial. The first stage is what's called the
guilt or innocence stage, and your deliberations will be solely for the
purpose of determining whether or not the defendant is guilty or not
guilty as charged in the indictment. And then you will return a verdict
of either guilty or not guilty. Now, of course, if a verdict of not guilty
is returned, that's the end of the trial. If a verdict of guilty is returned,
then we proceed to the second, stage, the punishment phase of the trial. 
And the jury in this case will be called upon, if you find the defendant
guilty, to assess the punishment that should be assessed in the case. 
What we have here is a broad range of punishment. And for this
offense, this first-degree felony offense, the range of punishment is 5 to
99 years, or life in the penitentiary, together with a possible fine not to
exceed $10,000. And you will be called upon and these lawyers will ask
you whether or not you can consider the full range of punishment. In
other words, since the legislature has a range of punishment, you must
be a qualified juror, must be able to consider - there may be some facts
whether the minimum of five years, six years is appropriate, and there
may be circumstances whether life in the penitentiary is appropriate. 
But it will be up to you to keep an open mind and then after you listen
to the evidence, place the punishment where you think it ought to be in
the event you would find the defendant guilty. That's what this jury is
going to be called upon to do. Does everybody understand?


After both parties rested their cases, the jury returned a verdict of guilty on the lesser-included offense of sexual assault. At this point, the State realized that appellant's
prior sexual assault conviction increased the punishment for his sexual assault to
mandatory life. The trial court acknowledged that it did not admonish appellant on
the possibility of mandatory life if the jury found the enhancement paragraph true, so
the State abandoned the enhancement. Appellant did not object to the State's
abandoning the enhancement, and the trial court instructed the jury that it would now
be considering a range of punishment for a second degree felony--two to 20 years'
confinement with the possibility of a fine not to exceed $10,000. The jury returned
a verdict for 20 years confinement and a $5,000 fine.

 Appellant filed a motion for new trial and motion in arrest of judgment. 
Attached to the motion was an affidavit from S.G. in which she states that appellant
deserved no more than 10 years' confinement. She said she would have told the jury
this, but the State refused to let her testify during punishment. She stated that
appellant had a "bad drug problem" and that is why he assaulted her. She also alleged
that the State had lied to her and told her that it was only asking that appellant go to
prison for seven to ten years. The trial court never conducted a hearing or ruled on
appellant's motion for new trial, and the motion was overruled by operation of law.

Motion for New Trial/Motion in Arrest of Judgment


 In his first issue, appellant contends that the trial court "should have timely
ruled on Appellant's meritorious motion for a new trial. In the trial Court's failing
to timely rule on Appellant's Motion for a New Trial, Appellant was deprived of his
federal and state rights to due process."

Standard of Review

 When reviewing on appeal a trial court's denial of a hearing on a motion for
new trial, the proper standard of review is abuse of discretion. Wallace v. State, 106
S.W.3d 103, 108 (Tex. Crim. App. 2003) (citing Martinez v. State, 74 S.W.3d 19, 22
(Tex. Crim. App. 2002) (examining whether court of appeals departed from
established standard for determining sufficiency of appellant's affidavit supporting
motion for new trial)); McIntire v. State, 698 S.W.2d 652, 660 (Tex. Crim. App.
1985) (holding discretion abused in failing to provide a hearing). We review the trial
court's denial of a hearing on a motion for new trial by examining "whether the court
acted without reference to any guiding rules and principles." Bruno v. State, 916
S.W.2d 4, 6 (Tex. App.--Houston [1st Dist.] 1995, pet. ref'd).

Was Motion Technically Sufficient to Obtain a Hearing?

 We first consider whether appellant's motion was technically sufficient to
entitle him to a hearing. The technical, statutorily-imposed requirements for a motion
for new trial to be considered on the merits by the presiding trial court require that the
motion be: (1) timely filed, (2) properly presented, and (3) adequately verified, or that
a sworn affidavit (by an inmate) is provided in lieu of verification. See Tex. R. App.
P. 21.4, 21.6; Tex. Civ. Prac. & Rem. Code Ann. §§ 132.001-.003 (Vernon 2005);
Owens v. State, 763 S.W.2d 489, 491 (Tex. App.--Dallas 1988, pet. ref'd).

 Was Motion Timely filed?

 A motion for new trial must be filed within 30 days of the imposition of the
sentence. Tex. R. App. P. 21.4. Appellant filed his motion for new trial and arrest
of judgment on August 13, 2007, 25 days following the date of his sentencing on July
19, 2007. (1) Appellant has met the applicable time requirement for filing new trial
motions.

 Was Motion Presented?

 It is not enough for the motion to be timely filed; it must also be properly
presented to the trial court. The Rules of Appellate Procedure require the defendant
to present his motion for new trial to the court "within 10 days of filing it, unless the
trial court in its discretion permits it to be presented and heard within 75 days from
the date when the court imposes or suspends sentence in open court." Tex. R. App.
P. 21.6. However, when a trial court rules on a motion for new trial within the 75 day
period, that ruling satisfies the requirement that the motion be "presented within ten
days of filing or the trial court permitted it to be presented after the ten days but
within the 75 day period." Musgrove v. State, 960 S.W.2d 74, 76 (Tex. Crim. App.
1998) (noting that trial court's overruling of motion could be for untimely
presentment, but that court assumes it is for reasons other than its late
filing)(emphasis in original). 

 The verb "present" as used in rule 31 (c)(1) "means the record must show the
movant for a new trial sustained the burden of actually delivering the motion for new
trial to the trial court or otherwise bringing the motion to the attention or actual notice
of the trial court." Carranza v. State, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998). 
See Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). Simply filing the
motion is not sufficient to demonstrate that the motion has been "presented" within
the meaning of rule 21.6. Carranza, 960 S.W.2d at 78; Reyes, 849 S.W.2d at 815. 
Presentation to the court coordinator satisfies the presentment requirement of giving
actual notice to the trial court. Butler v. State, 6 S.W.3d 636, 641 (Tex.
App.--Houston [1st Dist.] 1999, no pet.).

 Our review of the record does not indicate that the motion for new trial was
ever "presented" to the court coordinator within the meaning of rule 21.6. A
"certificate of presentation" appears on the last page of appellant's motion for new
trial as evidence of presentment. We do not, however, hold that this is sufficient
evidence of presentment. See Oestrick v. State, 939 S.W.2d 232, 235 n.5 (Tex.
App.--Austin 1997, pet. ref'd) (citing Owens v. State, 832 S.W.2d 109, 111 (Tex.
App.--Dallas 1992, no pet.) (holding that a document entitled "certificate of
presentment" and signed by defense counsel was insufficient evidence of
presentment)). (2) 

 The trial court's docket sheet notes the existence of an amended motion for
new trial. The two-line docket entry reads "10-5-07 Motion & 1st Amended Motion
for New Trial overruled by operation of Law for Order filed." However, the record
does not contain any notation of the presentment of the original motion for new trial. 
Accordingly, we do not find that there is sufficient evidence in the record to
demonstrate proper presentment.

 The trial court did not sign the motion within the 75-day period. There is no
trial court order denying appellant's motion for new trial, no date set on the docket
sheet for a hearing on the motion, and no notation or signature by the judge on the
proposed order. The only suggestion of presentment is a statement in the motion for
new trial entitled "certificate of presentment." This evidence, however, is insufficient
to establish presentment under Rule 21. See Tex. R. App. P. 21.6; Oestrick, 939
S.W.2d at 235 n.5; Owens, 832 S.W.2d at 111.

 Having determined that appellant's motion for new trial was not technically
sufficient to entitle him to a hearing, we need not address whether it was
substantively sufficient to entitle him to a hearing. We hold, therefore, that appellant
has not shown that the trial court erred in refusing to conduct a hearing on his motion
for new trial.

 Accordingly, we overrule issue one.




Penalty Range

Accurate Admonishment 

 In issue two, appellant contends that the trial court "should have properly
and accurately admonished Defendant of the proper penalty ranges." 

 During appellant's arraignment, the trial court admonished him that, if the
enhancement "were found to be true, then that raises the level of an offense to a
range of punishment of not less than 15 nor more than life in the penitentiary." 
Appellant responded that he understood the "consequences of the indictment." On
appeal, appellant contends that "had he been correctly advised by the Court that he
faced an automatic life sentence if found guilty, [he] might well have decided [to]
accept a negotiated settlement prior to trial." The thrust of appellant's complaint
is that he was not admonished of the possibility of a mandatory life sentence. But,
because the State abandoned the enhancement paragraph, appellant did not face a
mandatory life sentence, and it would have been error to admonish him otherwise. 
Instead, appellant faced only the reduced punishment range of two to 20 years in
prison and a $10,000 fine. 

 Appellant affirmatively stated that he had no objection to the State abandoning
the enhancement, which resulted in the maximum possible confinement of 20 years
instead of life and the minimum possible confinement of two years instead of five
years. 

 To preserve error for appeal, a party is required to state "the grounds for the
ruling that the complaining party sought from the trial court with sufficient specificity
to make the trial court aware of the complaint, unless the specific grounds were
apparent from the context." Tex. R. App. P. 33.1(a)(1)(A); see also Tovar v. State,
221 S.W.3d 185, 189 (Tex. App.--Houston [1st Dist.] 2006, no pet.). Generally, a
party's failure to object timely and specifically at the trial-court level waives error. 
Tex. R. App. P. 33.1; Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000). An
objection may be phrased in any manner that sufficiently apprises the trial court and
opposing counsel of the nature of the complaint. Ex parte Little, 887 S.W.2d 62, 65
(Tex. Crim. App. 1994).

 Here, appellant did not complain of improper admonishment before the trial
court. The State's abandonment of the enhancement obviated the need for the
admonishment he now seeks. He also waived this complaint by failing to first raise
it in the trial court. See Tex. R. App. P. 33.1(a)(1)(A); see also Tovar, 221 S.W.3d at
189.

 We overrule issue two.

Jury Told Range of Punishment

 In issue three, appellant asserts that, "prior to and during the guilt innocence
phase of the trial, the jury should have not received any information from the Court
or from the attorneys as to the possible punishment range of the offense for which the
Appellant was being tried." Citing no authority or harm, appellant argues that the
jury panel should not have received any comments or instructions relating to
punishment. 

 Appellant did not object to the statements informing the jury of the possible
punishment range in the trial court; therefore, error is waived. See id. Furthermore,
the State may inform the venire of the range of punishment applicable to the case. 
Davis v. State, 630 S.W.2d 769, 772 (Tex. App.--Houston [1st Dist.] 1982) pet. ref'd,
636 S.W.2d 197 (Tex. Crim. App. 1982). 

 We overrule issue three.

Conclusion


 We affirm the trial court's judgment.


 George C. Hanks, Jr.

 Justice


Panel consists of Justices Nuchia, Alcala, and Hanks.


Do not publish. Tex. R. App. P. 47.2(b).
1. On October 4, 2007, 77 days after the judgment was entered, appellant filed his first
amended motion for new trial and motion in arrest of judgment. Because appellant's original
motion for new trial was timely filed, his amended motion could have been considered had
it been filed within 75 days of the judgment. See State v. Moore, 225 S.W.3d 556, 569 (Tex.
Crim. App. 2007). Here, however, the amended motion for new trial was untimely filed on
the 77th day and thus cannot be considered.
2. We also note that the Butler court, recognizing the importance of establishing that a motion
has been presented, stated: We have held previously that "[i]t behooves a defendant to
memorialize presentment within 10 days by obtaining a written notation on a proposed order
setting the motion for new trial on a specific date." Simpson v. State, 962 S.W.2d 57, 58
(Tex. App.--Houston [1st Dist.] 1997, no pet.). In light of this opinion, we suggest that
criminal defense attorneys obtain a written, dated notation from the court coordinator
memorializing the timely presentment. Butler v. State, 6 S.W.3d 636, 643 n.7 (Tex.
App.--Houston [1st Dist.] 1999, no pet.).