Opinion issued June 19, 2008








 






In The

Court of Appeals

For The

First District of Texas






NOS. 01-07-00293-CR

 01-07-00294-CR






EDWARD JOHNSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause Nos. 1010659 & 1043616






MEMORANDUM OPINION


 A jury found appellant guilty of indecency with a child (1) and aggravated sexual
assault of a child, (2) and the trial court assessed punishment at 30 years' confinement
on each charge. In five points of error, appellant contends the trial court erred in (1) 
failing to hold an evidentiary hearing on appellant's motion for new trial; (2) failing
to arraign appellant on the enhancement paragraphs of the indictment prior to the
punishment phase of the trial; (3 & 4) limiting the cross-examination of one of the
State's witnesses; and (5) allowing the prosecutor to make statements during voir dire
that had the effect of informing the jury about appellant's prior criminal history. We
affirm.

Background

 Twelve-year-old J.J., appellant's daughter, secretly created an audiotape while
appellant was sexually assaulting her. When appellant went to sleep, J.J. called a
friend to come get her. She gave the audiotape to her friend's mother, who called the
police. Laboratory tests subsequently showed the presence of appellant's semen on
J.J.'s pajamas.


Hearing on Motion for New Trial

 In his first point of error, appellant contends the trial court erred in failing to
conduct a hearing on his motion for new trial, in which he alleged ineffective
assistance of counsel. The State responds that appellant's motion was never
presented to the trial court. We agree.

 Appellant was sentenced on March 7, 2007. He filed a notice of appeal on
April 2, 2007. On April 2, 2007, appellate counsel filed a motion for new trial,
alleging that the "verdict of the jury was contrary to the law and evidence." On April
3, 2007, trial counsel filed a motion for new trial, also alleging that the "verdict in this
case is contrary to the law and the evidence." On April 5, 2007, appellate counsel
filed an amended motion for new trial, which was verified, alleging ineffective
assistance of trial counsel. On the same day, appellate counsel filed a motion
requesting an evidentiary hearing on the amended motion for new trial. No action
was taken by the trial court on the amended motion for new trial, which was overruled
by operation of law.

 A defendant has a right to a hearing on a motion for new trial when the motion
raises matters that cannot be determined from the record. Reyes v. State, 849 S.W.2d
812, 816 (Tex. Crim. App. 1993); Bruno v. State, 916 S.W.2d 4, 8 (Tex.
App.--Houston [1st Dist.] 1995, no pet.). Generally, the issue of ineffective
assistance of counsel is not determinable from the record. Ex parte Torres, 943
S.W.2d 469, 475 (Tex. Crim. App. 1997). However, the trial court is under no
requirement to conduct a hearing if the motion for new trial is not presented in a
timely manner. Tex. R. App. P. 21.6; see Rozell v. State, 176 S.W.3d 228, 230 (Tex.
Crim. App. 2005). The Rules of Appellate Procedure require that "the defendant
must present the motion for new trial to the trial court within 10 days of filing it."
Tex. R. App. P. 21.6. Presentation to the court coordinator satisfies the presentment
requirement of giving actual notice to the trial court. Butler v. State, 6 S.W.3d 636,
641 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd). Presentment requires a
defendant to go beyond simply filing the motion for new trial with the clerk of the
trial court. Rather, "the presentment must result in actual notice to the trial court and
may be evidenced by the judge's signature or notation on a proposed order or by a
hearing date set on the docket." Carranza v. State, 960 S.W.2d 76, 79 (Tex. Crim.
App. 1998); see also Rozell, 176 S.W.3d at 230. Examples of 'presentment' include
obtaining the trial court's ruling on the motion for new trial, the judge's signature or
notation on a proposed order, or a hearing date on the docket." Carranza, 960
S.W.2d at 79. The defendant bears the burden of ensuring this notation or setting of
a hearing. Simpson v. State, 962 S.W.2d 57, 58 (Tex. App.--Houston [1st Dist.]
1997, no pet.).

 Here, there is nothing in the record to show that appellant's amended motion
for new trial was presented to the trial court.
 The motion requesting an evidentiary
hearing included a proposed order, in which there is an allegation that the amended
motion for new trial was "brought to the attention of the trial court within 10 days of
its filing." However, the proposed order is not signed by the trial judge, nor is there
any notation by the court coordinator to show that it was ever presented. Similarly,
there is no notation on the docket sheet to show that the motion was ever presented
or a hearing requested. In fact, the last docket entry concerns the filing of the notice
of appeal on April 2, 2007.

 We cannot conclude that the trial court erred by failing to conduct a hearing
because nothing shows that the request was ever presented to the trial court. 
Accordingly, we overrule appellant's first point of error.Arraignment on Enhancement Paragraphs Before Punishment Phase In his second point of error, appellant contends that the trial court erred by
failing to arraign him on the enhancement allegations in the indictment before the
punishment phase of the trial.

 Article 36.01 of the Texas Code of Criminal Procedure provides:


 (a) A jury being impaneled in any criminal action, except as provided by
Subsection (b) of this article, the cause shall proceed in the following
order: 

 1. The indictment or information shall be read to the jury
by the attorney prosecuting. When prior convictions are
alleged for purposes of enhancement only and are not
jurisdictional, that portion of the indictment or information
reciting such convictions shall not be read until the hearing
on punishment is held as provided in Article 37.07. 


Tex.Code Crim.Proc.Ann. art. 36.01 (Vernon 2007) (emphasis added). 


 The reading of the indictment is mandatory; the purpose of the rule is to inform
the accused of the charges against him and to inform the jury of the terms charged
against the accused. Warren v. State, 693 S.W.2d 414, 415-16 (Tex. Crim. App.
1985). Article 36.01 is applicable to the punishment phase in a bifurcated trial. Id.
at 415-16. However, article 36.01 applies only when punishment is assessed by a
jury. Reed v. State, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973) (the enhancement
portion of the indictment should be read to the jury if the punishment is to be assessed
by the jury). When the trial court assesses punishment, the statute is inapplicable. 
See id.

 In this case, appellant's punishment was determined by the judge, not the jury. 
Thus, under Reed, the trial court was not required to read the enhancement
allegations. Id. Furthermore, appellant stipulated to the truthfulness of the
enhancement portions of the indictment. Thus, "[i]t would be difficult to say that he
was misled as to that with which he was charged." Id.

 Accordingly, we overrule point of error two.

Limitation of Cross-Examination

 In points of error three and four, appellant contends the trial court erred by
limiting his cross-examination of J.J.'s godmother, Helen Banks. Specifically,
appellant contends that he should have been allowed to question Banks about whether
J.J. had ever lied to her. During the questioning of Banks, the following exchange
took place:

 [Defense counsel]: Now, did you have any problems with [J.J.] not
telling the truth or lying to you?


 [Prosecutor]: Objection, Your Honor. That is an improper question. 
Improper impeachment of the complainant through this witness.


 [Defense counsel]: I'll rephrase it, Your Honor.


 [Trial court]: Thank you.


 [Defense counsel]: Did she ever tell you some things that you found out
not to be true?


 [Prosecutor]: And I'm going to object to that that's not relevant. That's
improper impeachment of the complainant through this witness.


 [Trial court]: I sustain it.


 The Sixth Amendment guarantees an accused in a criminal prosecution the
right to confront the witnesses against him. U.S. Const. amend. VI; Davis v. Alaska,
415 U.S. 308, 315, 94 S. Ct. 1105 (1974). A criminal defendant states a violation of
the Confrontation Clause by showing that he was prohibited from engaging in
otherwise appropriate cross-examination designed to show a prototypical form of bias
on the part of a witness and thereby to expose to the jury facts from which jurors
could appropriately draw inferences relating to the reliability of the witness. Olden
v. Kentucky, 488 U.S. 227, 231, 109 S. Ct. 480 (1988). We weigh each Confrontation
Clause issue on a case-by-case basis, taking into account the defendant's right to
cross-examine and the risk factors associated with admission of the evidence. Lopez
v. State, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000). The trial court has broad
discretion to impose reasonable limits on cross-examination to avoid harassment,
prejudice, confusion of the issues, endangering the witness, and injecting cumulative
or collateral evidence. Id.

 Ordinarily, specific instances of a witness's misconduct may not be used to
demonstrate a witness's untrustworthy nature. Id. at 225; Tex. R. Evid. 608(b). (3) 
However, the Confrontation Clause occasionally requires admissibility of evidence
that the Rules of Evidence would exclude. Lopez, 18 S.W.3d at 225. In determining
whether evidence must be admitted under the Confrontation Clause, the trial court
must balance the probative value of the testimony against the risk its admission
entails. Id. at 222. 

 As noted above, it appears that appellant wished to impeach J.J.'s credibility
by introducing, through Banks's testimony, evidence of specific instances in which
J.J. had lied to Banks in the past. Rule of Evidence 608(b) prohibits such an inquiry. 
And, to the extent that appellant claims that the Confrontation Clause nevertheless
permits such an inquiry, we note that appellant never argued to the trial court that the
Confrontation Clause demanded admission of the evidence. See Reyna v. State, 168
S.W.3d 173, 179-80 (Tex. Crim. App. 2005) (holding that appellate court erred in
reversing conviction on Confrontation Clause grounds because appellant did not
"clearly articulate" to trial court that Confrontation Clause demanded admission of
evidence in question). In fact, appellant did not attempt to inform the trial court of
any basis for allowing his question. Finally, appellant made no further attempt to
cross-examine Banks, nor did he make a bill of exceptions or offer of proof regarding
what testimony he sought to elicit from her. See Guidry v. State, 9 S.W.3d 133, 153
(Tex. Crim. App. 1999) ("Error in the exclusion of evidence may not be urged unless
the proponent perfected an offer of proof or a bill of exceptions.").

 Accordingly, we overrule points of error three and four.

Prosecutor's Statements During Voir Dire

 In point of error five, appellant contends the prosecutor "committed error in
using statements on voir dire which had the effect of informing the jury of the facts
of the case regarding appellant's prior habitual criminal history." When a defendant
complains about an improper remark by the prosecutor during voir dire, the defendant
must object when the remark is made. Espinosa v. State, 194 S.W.3d 703, 708 (Tex.
App.--Houston [14th Dist.] 2006, no pet.); Kelley v. State, 845 S.W.2d 474, 479
(Tex. App.--Houston [1st Dist.] 1993, pet. ref'd).

 Appellant did not object to the prosecutor's statements at voir dire; thus he has
not preserved error on appeal. Tex. R. App. P. 33.1. Accordingly, we overrule point
of error five.

Conclusion


 We affirm the judgments of the trial court.


 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley.


Do not publish. Tex. R. App. P. 47.2(b).
1. ---
2. ---
3. 
 ' -