COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-251-CR

                                        NO.
2-07-252-CR

 

 

SABRINA BURRUS                                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction








Appellant Sabrina Burrus
entered open pleas of guilty to the charged offenses of bribery and theft of
stolen property of between $100,000 and $200,000 by a public servant.  The trial court sentenced Burrus to thirty-five
years= confinement on the theft charge and ten years= confinement on the bribery charge. 
In three issues, Burrus argues that her trial counsel was ineffective,
that the trial court erred by not setting an evidentiary hearing on her motion
for new trial, and that the evidence is factually insufficient to support her
punishment.  We will affirm.

II.  Factual and Procedural Background

In 1997, Burrus started a
business to assist automobile dealerships with the process of transferring
titles.  Deputized as a tax
assessor/collector in Tarrant County, she contracted with dealerships for a fee
to facilitate the title transfer process. 
Burrus=s role was Ato go from dealer to dealer and make things go quicker and smoother as
opposed to the dealers having to track all the way to the courthouse@ to conduct title work.  By
2000, her business had expanded to include approximately twenty-five employees.








Burrus=s business experienced a downturn in late 2001.  In order to cover expenses, she began
utilizing funds that she had received from car dealerships to pay business and
personal expenses.  In 2003, the Tarrant
County Tax Assessor=s office
received a number of hot checks from Burrus=s business, the office began receiving complaints that she was not
completing her work timely, and some of the work that Burrus turned in to the
Tax Assessor=s officeCconsisting primarily of paperwork for the transfer of automobile
titlesCdid not have any funds attached to it. 
Thereafter, it was discovered that approximately $660,000 in hot checks
accompanied title work processed by Burrus. 
Authorities discovered an additional $100,000 in checks with
insufficient funds and paperwork with no checks at Burrus=s office.  Tarrant County
consequently paid $767,089.26 to cover the funds that Burrus had
misappropriated.

After the trial court
accepted Burrus=s plea, a
pre-sentence investigation report was prepared, and the trial court conducted a
hearing on Burrus=s punishment
after receiving exhibits and testimony from the State regarding the charged
offenses.  Eleven witnesses testified on
Burrus=s behalf, and Burrus also testified. 
After sentencing, Burrus filed a motion for new trial, arguing that she
was denied effective assistance of counsel. 
The record does not show that a hearing was held on the motion for new
trial, which was overruled by operation of law.

III.  Ineffective Assistance








In her first issue, Burrus
argues that her trial counsel was ineffective because he failed to seek a hearing
on any pre-trial motion, failed to properly investigate the case, failed to
fully explain the terms of a plea offer from the state and the option of having
a jury determine punishment, failed to perform any investigation prior to the
punishment hearing, and failed to file a motion for new trial.  Burrus also contends that the cumulative
effect of trial counsel=s
deficiencies denied her a fair trial.

A.     Standard of Review

To establish ineffective
assistance of counsel, an appellant must show by a preponderance of the
evidence that her counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d
808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 770
(Tex. Crim. App. 1999).








In evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case.  Thompson, 9 S.W.3d at 813.  The issue is whether counsel=s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89, 104 S. Ct. at 2065.  Review
of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct
fell within a wide range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.  As we have stated many
times, a reviewing court will rarely be in a position on direct appeal to
fairly evaluate the merits of an ineffective assistance claim.  Thompson, 9 S.W.3d at 813B14.  AIn the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).  It is not appropriate for an
appellate court to simply infer ineffective assistance based upon unclear portions
of the record.  Mata v. State, 226
S.W.3d 425, 432 (Tex. Crim. App. 2007).








The second prong of Strickland
requires a showing that counsel=s errors were so serious that they deprived the defendant of a fair
trial, i.e., a trial whose result is reliable. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  In other words, an appellant must show there
is a reasonable probability that, but for counsel=s unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id.  The ultimate focus of our inquiry must be on
the fundamental fairness of the proceeding whose result is being
challenged.  Id. at 697, 104 S.
Ct. at 2070.

B.     Hearing on Pre-trial
Motions

Burrus argues that her trial
counsel was ineffective because he never sought a hearing on any pre-trial
motion that he filed.  The record,
however, does not provide any explanation demonstrating why trial counsel did
not seek a hearing on the pre-trial motions. 
Burrus=s allegation
of ineffectiveness is therefore not firmly founded in the record.  See Thompson, 9 S.W.3d at 813.  Because the record fails to demonstrate trial
counsel=s alleged ineffectiveness for failing to seek a hearing on the pre-trial
motions that he filed, this allegation of ineffectiveness fails under the first
Strickland prong.

C.     Failure to Investigate
Case

Burrus argues that her trial
counsel was ineffective because he did not properly investigate the case.  Relying on contentions raised in her
affidavit attached to her motion for new trial, Burrus contends, among other
things, that trial counsel Awaited to the very last minute to discuss@ the case with her and that he Awas not interested in the in-depth facts of Appellant=s case.@  Burrus attached six other affidavits to her
motion for new trial. 








A motion for new trial is not
self-proving.  Lamb v. State, 680
S.W.2d 11, 13 (Tex. Crim. App. 1984), cert. denied, 470 U.S. 1009.  During a hearing on a motion for new
trial, a trial court may receive evidence by affidavits.  Godoy v. State, 122 S.W.3d 315, 319
(Tex. App.CHouston [1st
Dist.] 2003, pet. ref=d).  An affidavit attached to the motion, however,
is merely Aa pleading
that authorizes the introduction of supporting evidence@ and is not evidence itself.  Jackson
v. State, 139 S.W.3d 7, 20 (Tex. App.CFort Worth 2004, pet. ref=d).  To constitute evidence, the
affidavit must be introduced as evidence at the hearing on the motion.  Id.

Here, the record does not
show that a hearing was held on Burrus=s motion for new trial, which was filed by Burrus=s appellate counsel, not her trial counsel.  Consequently, to the extent Burrus relies on
the affidavits attached to her motion for new trial as evidence supporting her
ineffective assistance claims, the affidavits are not evidence because they
were never introduced as evidence at a hearing on her motion for new
trial.  See id. at 21.

What evidence there is in the
record relating to trial counsel=s investigation of the case does not support Burrus=s claim of ineffectiveness.  The
following exchange occurred between Burrus and her trial counsel:

[Trial counsel]: We came up here and we were discussing our options as
we=ve
done before.  And before that we had met
in my office to discuss potential witnesses that we would need, possible expert
witnesses that could talk about the industry in which this all occurred in, the
standard practices, that sort of thing?

 

[Burrus]: Yes, sir.








[Trial
counsel]: As well as bookkeeping, character witnesses, all kinds of witnesses?

 

[Burrus]: Yes, sir.

[Trial
counsel]: As well as we scheduled appointments for me to go look at documents
that the Tarrant County DA=s office had in regards to
this case.  And I just wanted to ask you
to make sure everyone is clear that your decision to plead guilty today and ask
for this PSI was basically your idea; do you agree with that?

 

[Burrus]: Yes, sir.

[Trial
counsel]: I had told you that I felt prepared to go to trial.  All we had to do was put in the time, get our
witnesses together and we were ready to go?

 

[Burrus]: Yes, sir.

[Trial
counsel]: And you are not pleading guilty here today because you somehow felt
unprepared to go to trial; do you agree with that?

 

[Burrus]: Yes, sir.

[Trial
counsel]: But instead you told me basically, you know, I did this, I handed it
to them, meaning that you had told them what you had done, you brought all
these documents to the Tarrant County auditor and you=re
guilty; do you agree with that?

 

[Burrus]: Yes, sir.

[Trial
counsel]: And is there anything that you had wanted me to do that I didn=t or
did do that you didn=t
want me to do or are you dissatisfied in any way with what I=ve
done with your case?

 

[Burrus]: No, sir.








[Trial
counsel]: And are we doing exactly what you want to do today by entering this
open plea and requesting the PSI?

 

[Burrus]: Yes, sir.

Thus, the evidence in the record relating to
Burrus=s claim that trial counsel was ineffective for failing to properly
investigate the case indicates that trial counsel felt prepared to go to trial
and that Burrus did not plead guilty because she felt unprepared to go to
trial.  As above, Burrus=s allegation of ineffectiveness is therefore not firmly founded in the
record.  See Thompson, 9 S.W.3d at
813.  Because the record fails to
demonstrate trial counsel=s alleged
ineffectiveness for failing to properly investigate the case, this allegation
of ineffectiveness fails under the first Strickland prong.

D.     Failure to Fully Explain
Plea Offer

Burrus argues that her trial
counsel was ineffective because he failed to fully explain a plea offer made by
the State and failed to give her adequate time before trial to consider the
offer.  She also seems to contend that
trial counsel was ineffective because he never explained that she could have
elected to have a jury assess her punishment.








Burrus relies solely on her
affidavit as evidence of trial counsel=s alleged ineffectiveness, but as explained above, her affidavit is
not evidence supporting her ineffectiveness claims.  See Jackson, 139 S.W.3d at 21.  There is also nothing in the record,
including in the punishment hearing, concerning what trial counsel did or did
not explain regarding a plea offer made by the state, the amount of time that
Burrus had to accept or reject the alleged offer, or the circumstances
surrounding the option of having a jury assess punishment.  Burrus did, however, affirm by her signature on
the written plea admonishments that she was Atotally satisfied with representation given me by my counsel.@  Burrus does not assert that
trial counsel failed to inform her of the State=s proposed plea offer.  Burrus=s allegations of ineffectiveness are therefore not firmly founded in
the record.  See Thompson, 9
S.W.3d at 813.  Because the record fails
to demonstrate trial counsel=s alleged ineffectiveness for failing to fully explain the plea offer,
this allegation of ineffectiveness fails under the first Strickland prong.

E.     Punishment Hearings








Burrus argues that trial
counsel was ineffective because he failed to perform any investigation prior to
the punishment hearing.  Specifically,
regarding the hearing in which the trial court accepted testimony and exhibits
on the open pleas, Burrus complains that trial counsel was ineffective because
he did not know who the State was going to call as witnesses, he only asked
Betsy Price, the Tarrant County Tax Assessor/Collector, six questions, he did
not ask Julie Hillhouse, the Senior Internal Auditor for the Tarrant County
Auditor=s Office, any questions, he only asked Phillip Morris, the forensic
financial analyst for the Tarrant County District Attorney=s Office, nine questions, he did not invoke the ARule,@ he did not
object to any evidence offered by the State, and he did not object to an
improper predicate laid by the state for the introduction of a transcript of a
taped conversation.

The record is silent as to
why trial counsel asked Price only six questions, asked Hillhouse no questions,
asked Morris only nine questions, did not invoke the ARule,@ did not object
to any evidence offered by the State, and did not object to an improper
predicate for the admission of a taped conversation.  The record thus does not adequately reflect
the motives behind trial counsel=s actions, and we will not infer ineffective assistance based upon
unclear portions of the record.  See
Mata, 226 S.W.3d at 432.  Moreover,
Burrus has not demonstrated that a reasonable probability exists that her
punishment would have been different had trial counselCat the hearing on the open pleasCasked more questions, invoked the ARule,@ objected to
some or all of the State=s evidence,
and objected to an improper predicate.  See
Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.  These allegations of ineffectiveness fail
under the first and second Strickland prongs. 








Regarding the sentencing
hearing, Burrus additionally argues that trial counsel was ineffective because
he asked Burrus to write down questions to ask the witnesses, he did not
interview the witnesses who testified at punishment, and he failed to call
expert witnesses to refute the testimony of the State=s witnesses.

The record shows that trial
counsel called twelve witnesses, including Burrus, to testify on Burrus=s behalf.  Trial counsel
propounded many questions throughout the hearing inquiring into numerous
aspects of Burrus=s life,
including the probable effect on Burrus=s family if the trial court sentenced her to confinement.  The record does not show that trial counsel
asked Burrus to write down questions for him or failed to interview the
witnesses who testified at punishment, nor is there any explanation in the
record why trial counsel did not call expert witnesses to refute the State=s witnesses=
testimony.  These allegations of
ineffectiveness are therefore not firmly founded in the record, and Burrus has
not overcome the strong presumption that counsel=s conduct fell within the wide range of reasonable
representation.  See Salinas, 163
S.W.3d at 740; Thompson, 9 S.W.3d at 813.  Burrus has also not demonstrated that a reasonable
probability exists that her punishment would have been different had trial
counsel called expert witnesses to refute the testimony of the State=s witnesses.  See Strickland,
466 U.S. at 694, 104 S. Ct. at 2068. 
Accordingly, these allegations of ineffectiveness fail under the first
and second Strickland prongs.








F.      Failure to File Motion
for New Trial

Burrus argues that trial
counsel was ineffective because he failed to file a motion for new trial.  The record shows that the trial court
sentenced Burrus on July 19, 2006, and that Burrus=s appellate counsel filed a timely motion for new trial on August 18,
2006.  See Tex. R. App. P. 21.4(a). 
Burrus has not shown that she suffered any prejudice because her
appellate counsel filed the motion for new trial instead of her trial
counsel.  Burrus=s allegation of ineffectiveness fails under the second Strickland prong.

G.     Cumulative Effect

Burrus argues that she was
denied a fair trial because of the cumulative effect of trial counsel=s alleged instances of ineffectiveness.  All of Burrus=s claims of ineffectiveness considered above, however, fail under
either the first or second Strickland prong or both Strickland prongs.  There being no error or cumulative effect of
ineffectiveness to accumulate, we cannot conclude that Burrus was denied a fair
trial on this ground.  See Chamberlain
v. State, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999) (stating that
non-errors may not in their cumulative effect cause error).  We overrule Burrus=s first issue.

IV.  Motion for New Trial Hearing








In her second issue, Burrus
argues that the trial court erred by failing to set an evidentiary hearing on
her motion for new trial and by allowing the motion for new trial to be
overruled by operation of law.  The State
responds in part that Burrus failed to present her motion for new trial to the
trial court.  We agree with the State.

A defendant has a right to a
hearing on a motion for new trial when the motion raises matters that cannot be
determined from the record.  Reyes v.
State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993).  However, the trial court is under no
requirement to conduct a hearing if the motion for new trial is not presented
in a timely manner.  See Tex. R. App. P. 21.6; Rozell v.
State, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005).  The rules of appellate procedure require that
Athe defendant must present the motion for new trial to the trial court
within 10 days of filing it.@  Tex. R. App. P. 21.6. 
Presentment requires a defendant to go beyond simply filing the motion
for new trial with the clerk of the trial court; A[t]he presentment must result in actual notice to the trial court and
may be evidenced by the judge=s signature or notation on a proposed order or by a hearing date set
on the docket.@  Carranza v. State, 960 S.W.2d 76, 79
(Tex. Crim. App. 1998).  Examples of
presentment include obtaining the trial court=s ruling on the motion for new trial, the judge=s signature or notation on a proposed order, or a hearing date on the
docket sheet.  Id.  The defendant bears the burden of ensuring
this notation or setting a hearing.  Simpson
v. State, 962 S.W.2d 57, 58 (Tex. App.CHouston [1st Dist.] 1997, no pet.).








Here, although Burrus timely
filed her motion for new trial, there is no ruling on the motion, no proposed
order containing the judge=s signature or notation, and no notation on the docket sheet of a
hearing date set on the motion.  The only
suggestions of presentment include a statement in the motion titled, ACertificate of Presentment,@ and a notation in the docket sheet stating that the motion for new
trial was filed on August 18, 2006.  This
evidence, however, is insufficient to establish presentment under rule
26.1.  See Cozzi v. State,
160 S.W.3d 638, 641 n.5 (Tex. App.CFort Worth 2005, pet. ref=d) (stating that docket sheet entry indicating that Amotion for new trial filed@ is insufficient to show presentment); Longoria v. State, 154
S.W.3d 747, 762 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d) (holding that statement in recordCANotice of Presentment of Motion for New Trial@Cis  insufficient to show
presentment); Oestrick v. State, 939 S.W.2d 232, 235 n.5 (Tex. App.CAustin 1997, pet. ref=d) (stating that a self-serving statement by defense counsel, without
more, has been held to be insufficient evidence of presentment to the trial
court). 








We further note that Burrus
previously filed an application for writ of habeas corpus pursuant to article
11.07 of the code of criminal procedure and that the court of criminal appeals
found that Burrus was entitled to pursue an out-of-time appeal.  The effect of granting an out-of-time appeal
is that it restores the defendant to the position she occupied immediately
after the trial court signed the judgment of conviction.  Mestas v. State, 214 S.W.3d 1, 4 (Tex.
Crim. App. 2007).  Since Burrus was
returned to a point at which she could give notice of appeal, she was also at a
point where she could file a motion for new trial.  See id.  The record indicates that Burrus filed her
notice of appeal one day after the court of criminal appeals=s mandate issued granting Burrus an out-of-time appeal.  Thus, she did not file a motion for new trial
and seek presentment of it after being granted an out-of-time appeal, which she
could have done.  We hold that the trial
court did not err by failing to hold a hearing on Burrus=s motion for new trial.

Burrus additionally argues
that the trial court erred by allowing the motion for new trial to be overruled
by operation of law.  But a trial court
cannot abuse its discretion by denying a motion for new trial by operation of
law when the motion was not timely presented. 
Longoria, 154 S.W.3d at 762B63.  Thus, the trial court did
not err by allowing the motion for new trial to be overruled by operation of
law.  We overrule Burrus=s second issue.

 

 

 

 








V.  Factual SufficiencyCPunishment

In her third issue, Burrus
challenges the factual sufficiency of the evidence underlying her punishment,
arguing that her punishment is so against the great weight and preponderance of
the evidence as to be manifestly unjust. A review of the evidence for factual
sufficiency is inappropriate with respect to the assessment of the punishment.  See Bradfield v. State, 42 S.W.3d 350,
351 (Tex. App.CEastland
2001, pet. ref=d)
(declining to perform factual sufficiency review of punishment evidence); Kanouse
v. State, 958 S.W.2d 509, 510 (Tex. App.CBeaumont 1998, no pet.) (same). 
Accordingly, we overrule Burus=s third issue.

VI.  Conclusion

Having overruled all of Burrus=s issues, we affirm the trial
court=s
judgment.                                                 

 

 

 

DIXON W. HOLMAN

JUSTICE

PANEL: 
LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

PUBLISH

 

DELIVERED: 
August 21, 2008      











[1]See Tex. R. App. P. 47.4.