COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NO.
 2-09-361-CR

 

 

BALDEMAR LOSOYA                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction

Appellant
Baldemar Losoya appeals his conviction for possession of between four and 200
grams of cocaine with intent to deliver.[2]  He contends in one issue that the trial court
abused its discretion by failing to hold a hearing on his motion for new
trial.  We affirm.








II. 
Background

A grand
jury indicted Appellant with one count of possessing with the intent to deliver
between four and 200 grams of cocaine. 
The indictment included a repeat offender notice alleging a prior felony
conviction for possession with the intent to distribute approximately
twenty-five kilograms of marijuana. 
Appellant pleaded true to the repeat offender notice and entered an open
plea of guilty to the charged offense. 
After a sentencing hearing, the trial court sentenced Appellant to
twenty years= confinement. 

The
trial court signed the judgment, and Appellant filed a pro se notice of
appeal.  Appellant timely filed a pro se
motion for new trial and a supporting affidavit.  He also included an Aorder
granting hearing@ and an Aorder
granting motion.@ 
The Aorder granting hearing@ states:

Be it remembered that the foregoing motion was
presented to the court on the ____ day of ____ 2009, with a request for the
court to conduct a plenary hearing thereon and it is therefore ordered that on
the ____ day of ____ 2009, __.m., a hearing will be had in the ____ court of
____ County, Texas on said motion.

 

DONE AND ENTERED this ___ day of _________ 2009. 

 

The trial court did not sign or
make any notations on the Aorder
granting hearing@ or the Aorder
granting motion,@ and Appellant=s motion
for new trial was overruled by operation of law. 

 








III. 
Discussion

Appellant
argues in his sole point that the trial court erred by failing to conduct a
hearing on his motion for new trial.  The
State responds that the trial court did not abuse its discretion because
Appellant did not present his motion for new trial to the trial court. 

A.  Applicable Law

A
defendant has a right to a hearing on a motion for new trial when the motion
raises matters that cannot be determined from the record.  Reyes v. State, 849 S.W.2d 812, 816
(Tex. Crim. App. 1993).  However, the
trial court is under no requirement to conduct a hearing if the motion for new
trial is not presented in a timely manner. 
See Tex. R. App. P. 21.6; Rozell v. State, 176 S.W.3d 228,
230 (Tex. Crim. App. 2005).  The rules of
appellate procedure require that A[t]he
defendant must present the motion for new trial to the trial court within 10
days of filing it.@ Tex. R. App. P. 21.6.  AThe
purpose of the presentment rule is >to put
the trial court on actual notice that a defendant desires the trial court to
take some action on the motion for new trial such as a ruling or a hearing on
it.=@  Stokes v. State, 277 S.W.3d 20, 21
(Tex. Crim. App. 2009) (quoting Carranza v. State, 960 S.W.2d 76, 78
(Tex. Crim. App. 1998)).  








Merely
filing the motion is not sufficient alone to show presentment.  Id. 
A>Presentment= must be
apparent from the record, and it may be shown by such proof as the judge=s
signature or notation on the motion or proposed order, or an entry on the
docket sheet showing presentment or setting a hearing date.@  Gardner v. State, 306 S.W.3d 274, 305
(Tex. Crim. App. 2009) (citing Stokes, 277 S.W.3d at 22 and Carranza,
960 S.W.2d at 79).  AThe
defendant bears the burden of ensuring this notation or setting a hearing.@  Burrus v. State, 266 S.W.3d 107, 115
(Tex. App.CFort Worth 2008, no pet.)
(citing Simpson v. State, 962 S.W.2d 57, 58 (Tex. App.CHouston
[1st Dist.] 1997, no pet.)).  A[W]ithout
any showing that the trial judge actually saw appellant=s motion
for new trial, the judge cannot be faulted for failing to conduct a hearing on
that motion.@ 
Gardner, 306 S.W.3d at 305 (citing Carranza, 960 S.W.2d at
79B80). 

B.  Analysis













Although
Appellant timely filed his motion for new trial, there is no ruling on the
motion, no proposed order containing the judge=s
signature or notation, and no notation on the docket sheet of a hearing date
set on the motion.  The only suggestions
of presentment are a statement in the body of the motion for new trial stating
that Appellant Ahereby presents@ the
motion to the court coordinator pursuant to rule 26.1 within ten days of filing
and a statement in the unsigned Aorder
granting hearing@ that Appellant Apresented
[the motion for new trial] to the court on the ___ day of _____ 2009, with a
request for the court to conduct a plenary hearing thereon.@  This evidence, however, is insufficient to
establish presentment under rule 26.1.  See
Gardner, 306 S.W.3d at 305B06
(holding that appellant did not present motion for new trial because there was Ano
indication in the record that the motion for new trial was, in fact, hand‑delivered
to the trial judge [or] that the trial judge ever saw the motion@ and
that document titled AOrder for a Setting@ did not
Asuffice
as a request to hold a hearing on the motion@); Rozell,
176 S.W.3d at 231 (holding record did not show the trial court had actual
notice of request for hearing when proposed order included Aoptions
of having a hearing or ruling on the motion without a hearing@); Burrus,
266 S.W.3d at 115 (finding no presentment in absence of ruling on motion for
new trial, signature or notation on proposed order, or notation on docket sheet
of hearing date on the motion); Longoria v. State, 154 S.W.3d 747, 762
(Tex. App.CHouston [14th Dist.] 2004, pet.
ref=d)
(holding that statement in recordCANotice
of Presentment of Motion for New Trial@Cis
insufficient to show presentment).  We
hold that Appellant has not met his burden of showing timely presentment of his
motion for new trial to the trial court and that the trial court therefore did
not abuse its discretion by failing to conduct a hearing on the motion for new
trial.  We overrule Appellant=s sole
point.

IV. 
Conclusion

Having
overruled Appellant=s sole point, we affirm the
trial court=s judgment.  

 

 

ANNE GARDNER

JUSTICE

 

PANEL: LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 31, 2010











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Health & Safety
Code Ann. ' 481.112(a), (d)
(Vernon 2010).